369 So.2d 358 (1979)
Felix GRANADOS, August Urbanek, Steve Urbanek, Harry T. Mangurian, Jr., Jack L. LaBonte and James M. LaBonte, Individually, and D/B/a Hollybrook Condominium Venture, and Wisconsin Real Estate Investment Trust, Appellants,
v.
A. Irwin MILLER and Anne Miller, His Wife, Etc., et al., Appellees.
A. Irwin MILLER and Anne Miller, His Wife, et al., Appellants,
v.
Felix GRANADOS, August Urbanek, et al., Appellees.
Nos. 77-1507, 77-1646.
District Court of Appeal of Florida, Fourth District.
March 7, 1979.
Rehearing Denied April 27, 1979.
*359 Davis W. Duke, Jr., of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, for appellants, Granados, et al.
Jeffrey E. Streitfeld and Mark B. Schorr, of Becker, Poliakoff & Sachs, P.A., Fort Lauderdale, for appellees, Miller.
BERANEK, Judge.
These are consolidated interlocutory appeals growing out of a condominium recreational lease suit. At issue is § 718.401(4) Fla. Stat., which provides in relevant part:
"If the unit owner initiates any action ... under the lease, the unit owner or the association shall pay into the registry of the court any allegedly accrued rent and the rent which accrues during the pendency of the proceeding, ..."
The suit below sought to invalidate a condominium recreation lease. Plaintiffs were Mr. and Mrs. Miller and the Condominium Association, both individually and as representatives of the class. The members of the Association and the "class" consisted of all unit owners of the condominium. The defendants were the lessors of the recreational facilities. The Millers were tenants under the rec lease, the Association was not.
Plaintiffs filed a motion to deposit all rent money into the registry of the court pursuant to § 718.401. By order of June 8, 1977, the trial court allowed the Millers to deposit their rent but refused to allow the Association to deposit rents. A few days after entry of the order the Association did in fact deposit some $37,094.40 with the Clerk of the court. The defendants filed a petition for restraining order and a motion for contempt seeking to hold plaintiffs in contempt for depositing the money and seeking to restrain any further deposits. The trial court entered a further order on June 21, 1977, which basically found that the original order of June 8, 1977, was proper and that Mr. and Mrs. Miller could deposit their rent money. The court further *360 ordered that all other rent monies should be returned by the clerk of the court to the depositors and that the depositors (the Association and the class) pay all rent monies to the defendant/landlord.
Both plaintiffs and defendants herein have appealed and cross appealed both orders in every conceivable fashion.
Basically, it is defendant's position that the trial court should not have allowed even the Millers to deposit their rent money. Defendant contends the statute is facially unconstitutional and asserts five points on appeal in support of this argument.
Plaintiffs' basic position on appeal is that the trial court erred in refusing to allow the Association to deposit rent monies in view of the mandatory requirements of the Statute.
The constitutional arguments raised by defendants (landlords) were not presented to the trial court or ruled upon by the trial court. Even constitutional issues will not be decided by an appellate court if raised for the first time on appeal.[1]Century Village v. Wellington, 361 So.2d 128 (Fla. 1978). Furthermore, constitutional issues will not be reached if the case can be decided on other grounds. McKibben v. Mallory, 293 So.2d 48 (Fla. 1974).
The order here which the defendants contest was essentially favorable to defendants in that it allowed only Mr. and Mrs. Miller, the individual unit owners, to deposit their rents pending the litigation. Such an order would clearly have been authorized by Fla.R.Civ.P. 1.600 as the Supreme Court states in Century Village v. Wellington, supra, at 134. Therefore, this was a discretionary decision which we do not choose to disturb as to the individual unit owners.
As to the points raised by plaintiffs, Century Village v. Wellington is also determinative. Therein, the Supreme Court ruled that this particular statute applied only to unit owners and not to a condominium association. Therefore, the trial court was correct in ruling that the Association could not deposit rents. The orders appealed from are hereby affirmed.
AFFIRMED.
ANSTEAD and LETTS, JJ., concur.
NOTES
[1] Subject to the doctrine of fundamental error. Sanford v. Rubin, 237 So.2d 134 (Fla. 1970).