PER CURIAM.
Two actions have been consolidated on appeal because in each the trial court declined to permit forfeiture of an aircraft on constitutional grounds. We affirm, but for a different reason.
The premise of both complaints is that the possession or use of an aircraft in violation of section 329.10, Florida Statutes (Supp.1984),[1] entitles a governmental entity to obtain forfeiture of that aircraft pursuant to the Florida Contraband Forfeiture Act.[2] Both trial courts rejected this premise and found that section 329.10 — which provides (in part) that it is a third-degree felony for a dissolved corporation to possess an aircraft — is unconstitutional. The two courts struck section 329.10 on the grounds that (A) the statute runs afoul of the Supremacy Clause because Congress has preempted state regulation of the field through enactment of the Federal Aviation Act of 1958, section 101 et seq., (current version at 49 U.S.C. § 1301 et seq. (1976)), and (B) the statute is unconstitutionally overbroad because it sweeps within its ambit behavior which the Legislature never intended to criminalize.
In our view, these cases can and should be resolved without resort to constitutional adjudication. It is a fundamental maxim of judicial restraint that “courts *1271 should not decide constitutional issues unnecessarily.” Jean v. Nelson, — U.S. -, 105 S.Ct. 2992, 2998, 86 L.Ed.2d 664 (1985). As the court noted in Spector Motor Service, Inc. v. McLaughlin, 323 U.S. 101, 105, 65 S.Ct. 152, 154, 89 L.Ed. 101 (1944), “[i]f there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality ... unless such adjudication is unavoidable.” See also Gulf Oil Co. v. Bernard, 452 U.S. 89, 99, 101 S.Ct. 2193, 2199, 68 L.Ed.2d 693 (1981); McKibben v. Mallory, 293 So.2d 48, 51 (Fla.1974); Granados v. Miller, 369 So.2d 358, 360 (Fla. 4th DCA 1979), appeal dismissed, 394 So.2d 1152 (Fla. 1981).
The underlying premise of both cases, viz., that an aircraft used in violation of section 329.10 is subject to forfeiture under the Florida Contraband Forfeiture Act, is erroneous. Recently, the Fifth District Court of Appeal reviewed and categorically rejected this premise in the City of Indian Harbour Beach v. Damron, 465 So.2d 1382 (Fla. 5th DCA 1985). There, the court explained that under the Florida Contraband Forfeiture Act personal property becomes contraband and subject to forfeiture only if it is employed as an “instrumentality” in the commission of any felony. Alluding to an aircraft used in violation of section 329.10, the court said:
The aircraft, however, is not the means or instrument by which the offense of possession of an improperly registered aircraft is committed. Instead, possession of an unregistered aircraft is the essence of the crime itself. To qualify as an instrumentality, the [aircraft], which is not contraband per se, must have assisted in the commission of another, different felony. Possession of an improperly registered aircraft under the circumstances and conditions set forth in section 329.10 is a felony, but that status or state does not give rise to a different crime.
Id. at 1383.
We endorse the holding of our sister court that forfeiture is not an authorized sanction for violation of section 329.10. Accordingly, we affirm the trial courts’ basic decision to deny forfeiture of the aircraft in the cases at bar.
ANSTEAD, LETTS and HURLEY, JJ., concur.

. Section 329.10, Florida Statutes (Supp.1984), provides, in part, as follows:
(1) It is unlawful for any person in this state to knowingly have in his possession an aircraft that is not registered in accordance with the regulations of the Federal Aviation Administration contained in Title 14, chapter 1, parts 47-49 of the Code of Federal Regulations.
(2) Any aircraft in or operated in this state that is found to be registered to a non-existent person, firm, or corporation or to a firm, business, or corporation which is no longer a legal entity is in violation of this section. Any firm, business, or corporation that has no physical location or corporate officers or that has lapsed into an inactive state or been dissolved by order of the Secretary of State for a period of at least 90 days with no documented attempt to reinstate the firm, business, or corporation or to register its aircraft in the name of a real person or legal entity in accordance with Federal Aviation Administration regulations is in violation of this section.

. §§ 932.701-704, Fla.Stat. (1983).