693 So.2d 703 (1997)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
ABS PROPERTIES PARTNERSHIP, a general partnership, d/b/a Best Western Clearwater Central And Econolodge; Robert E. Alpaugh; Kathleen P. Alpaugh; Robert E. Alpaugh, as trustee of the Robert E. Alpaugh 1992 Trust; Eugene E. Chaires, Jr., Edward M. Hanna, and Dorothy O. McKeehan, as trustees for Charles W. Birdsong; Donna L. Sitton; and E. Eugene Sitton, Appellees.
No. 96-00395.
District Court of Appeal of Florida, Second District.
May 21, 1997.
Thorton J. Williams, General Counsel, and Marianne A. Trussell, Assistant General Counsel, Tallahassee, for Appellant.
Raymond T. Elligett, Jr., of Schropp, Buell & Elligett, P.A., Tampa, and Patrick T. Maguire, Clearwater, for Appellees.
PATTERSON, Judge.
The Department of Transportation (DOT) appeals from an award of attorney's fees in an eminent domain proceeding. We reverse and remand for further evidentiary proceedings to determine reasonable attorney's fees under section 73.092(2), Florida Statutes (1995).
This case began as an ordinary eminent domain action when DOT filed a declaration of taking and petition to condemn a parcel of property as part of the widening of U.S. 19 in Pinellas County. DOT made an offer of purchase in the amount of $194,860, which the *704 appellee property owners rejected. DOT and the property owners then embarked on a course of mediation in an attempt to resolve their differences as to the value of the property and the conditions of the taking. On their third attempt, the parties entered into a handwritten stipulation that provided for the entry of an order of taking with the agreement that DOT would pay the property owners $1,350,000. In addition, DOT agreed to construct a service road to the property owners' remaining lands. In return, the property owners agreed to cap their request for attorney's fees at a percentage of the benefits they received based on full compensation of $1,300,000. The stipulation was conditioned on approval by DOT's head of production, Access Management's approval of a driveway location, and the property owners' approval, all to occur by October 23, 1995. The property owners approved the stipulation immediately. Access Management approved the driveway on October 12, 1995. The deal fell apart when DOT obtained a voluntary dismissal of their petition on October 17, 1995, pursuant to Florida Rule of Civil Procedure 1.420(a).
The property owners then filed a motion for an award of attorney's fees. After an evidentiary hearing, the trial court found that the agreement would have been consummated were it not for DOT's decision to indefinitely postpone the project and that section 73.092(1), Florida Statutes (1995), was controlling on the issue of the amount of attorney's fees. The court then awarded the property owners $331,400 in attorney's fees, which represented the percentage of benefits achieved based on the amount of $1,300,000 using the schedule contained in section 73.092(1)(c). This appeal followed.
In City of Hallandale v. Chatlos, 236 So.2d 761 (Fla.1970), our supreme court recognized the right of a property owner to recover attorney's fees in an eminent domain proceeding which was voluntarily dismissed by the condemning authority. See also Dade County v. Oolite Rock Co., 311 So.2d 699 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 20 (Fla.1976); City of Miami Beach v. Manilow, 253 So.2d 910 (Fla. 3d DCA 1971). The issue presented in this case of first impression is the procedure the trial court must use in awarding attorney's fees under section 73.092, Florida Statutes (1995), when there has been a voluntary dismissal. The statute does not directly address this situation. Section 73.092(1), Florida Statutes (1995), provides:
73.092 Attorney's fees.
(1) Except as otherwise provided in this section, the court, in eminent domain proceedings, shall award attorney's fees based solely on the benefits achieved for the client.
(a) As used in this section, the term "benefits" means the difference, exclusive of interest, between the final judgment or settlement and the last written offer made by the condemning authority before the defendant hires an attorney. If no written offer is made by the condemning authority before the defendant hires an attorney, benefits must be measured from the first written offer after the attorney is hired.
Section 73.092(1) clearly does not apply in this case because the property owners received no benefits as detailed in section 73.092(1)(a). The predecessor statute, section 73.092, Florida Statutes (1993), provided for consideration of factors other than the benefits to the client. That statute provided:
73.092 Attorney's fees
(1) In assessing attorney's fees in eminent domain proceedings, the court shall give greatest weight to the benefits resulting to the client from the services rendered.
(a) As used in this section, the term "benefits" means the difference between the final judgment or settlement and the last written offer made by the condemning authority before the defendant hires an attorney. If no written offer is made by the condemning authority before the defendant hires an attorney, benefits must be measured from the first written offer after the attorney is hired.
....
(2) In assessing attorney's fees in eminent domain proceedings, the court shall give secondary consideration to:

*705 (a) The novelty, difficulty, and importance of the questions involved.
(b) The skill employed by the attorney in conducting the cause.
(c) The amount of money involved.
(d) The responsibility incurred and fulfilled by the attorney.
(e) The attorney's time and labor reasonably required adequately to represent the client in relation to the benefits resulting to the client.
In 1994, the legislature revised section 73.092(2), with the intention of establishing mathematical certainty in the award of fees and to discourage property owners from rejecting DOT's reasonable offers of purchase.[1]
Section 73.092(2), Florida Statutes (1995), which applies in this case, states:
(2) In assessing attorney's fees incurred in defeating an order of taking, or for apportionment, or other supplemental proceedings, when not otherwise provided for, the court shall consider:
(a) The novelty, difficulty, and importance of the questions involved.
(b) The skill employed by the attorney in conducting the cause.
(c) The amount of money involved.
(d) The responsibility incurred and fulfilled by the attorney.
(e) The attorney's time and labor reasonably required adequately to represent the client in relation to the benefits resulting to the client.
(f) The fee, or rate of fee, customarily charged for legal services of a comparable or similar nature.
(g) Any attorney's fee award made under subsection (1).
This section is basically a restatement of the "secondary considerations" provided for in the 1993 version of the statute. See § 73.092(2), Fla. Stat. (1993).
Although subsection (2) does not use the specific term "dismissal," by necessary implication the defeat of an order of taking could be accomplished by an involuntary dismissal pursuant to rule 1.420(b). Thus, dismissals are addressed generally by the statute. We find no meaningful distinction between voluntary and involuntary dismissal as to the issue of attorney's fees. The phrase in subsection (2) "when not otherwise provided for" is broad enough to encompass the facts of this case.
We, therefore, reverse the award of attorney's fees and remand to the trial court for further evidentiary proceedings to determine a reasonable attorney's fee to be paid to the property owners' attorney using the criteria provided in section 73.092(2).
PARKER, A.C.J., and NORTHCUTT, J., concur.
NOTES
[1] See Fla. H.R. Comm. on Trans., H.B. 2243 (1994) Staff Analysis (May 24, 1994); Ch. 94-162, Laws of Fla.