696 So.2d 947 (1997)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
LaBELLE PHOENIX CORPORATION, Cracker House Craftiques, Inc., et al., Appellees.
No. 96-04759.
District Court of Appeal of Florida, Second District.
July 11, 1997.
Pamela S. Leslie, General Counsel, and Marianne A. Trussell, Deputy General Counsel, Tallahassee, for Appellant.
*948 John Jay Watkins of Watkins & Ramunni, P.A., LaBelle, for Appellee Cracker House Craftiques, Inc.
SCHOONOVER, Judge.
The State of Florida, Department of Transportation (DOT), challenges the amount of attorney's fees awarded to appellee, Cracker House Craftiques, Inc., in an eminent domain action. We find that the trial court erroneously applied section 73.092(2), Florida Statutes (1995), rather than section 73.092(1), Florida Statutes (1995), in determining the award. We, accordingly, reverse and remand for the entry of an award pursuant to section 73.092(1).
This appeal arose out of an eminent domain proceeding instituted by DOT in Hendry County, Florida. Prior to the commencement of the action, DOT offered the appellee $50,400 for its property. The offer was refused. After DOT filed its petition and obtained an order of taking, the parties stipulated that the property was worth $54,200. A judgment for that amount was entered.
The trial court, pursuant to section 73.092(2), awarded fees to the appellee in the amount of $3672.50. DOT filed a timely notice of appeal from that order.
In eminent domain proceedings, attorney's fees are awarded under section 73.092, Florida Statutes (1995). Section 73.092(1) provides: "Except as otherwise provided in this section, the court, in eminent domain proceedings, shall award attorney's fees based solely on the benefits achieved for the client."
When attorney's fees are awarded pursuant to section 73.092(1), the amount is determined by the use of a schedule. In this case the schedule would allow a fee of thirty-three percent of the benefit received by the appellee. § 73.092(1)(c).
The exception referred to in section 73.092(1) is found in section 73.092(2). Under section 73.092(2), the award is based upon a "lodestar" analysis. The statute provides that the "lodestar" analysis should be used, "[i]n assessing attorney's fees incurred in defeating an order of taking, or for apportionment, or other supplemental proceedings, when not otherwise provided for...."
Since DOT used chapter 74, Florida Statutes (1995), entitled "PROCEEDINGS SUPPLEMENTAL TO EMINENT DOMAIN," the trial court held that an assessment of attorney's fees had to be based upon section 73.092(2) because the fees were incurred for "other supplemental proceedings." Based upon the "lodestar" analysis required by section 73.092(1), the court awarded the appellee a fee of $3672.50. This was error.
Section 73.092(2) is only applicable when attorney's fees, not otherwise provided for, are incurred for required proceedings that do not result in a monetary benefit upon which a fee can be based, e.g. in defeating an order of taking, a hearing on apportionment or other supplemental proceeding held for the purpose of determining the parties respective rights as a result of the action. § 73.092(2); State of Florida, Dep't of Transp. v. ABS Properties, 693 So.2d 703, 22 Fla. L. Weekly D1287 (Fla. 2d DCA May 21, 1997). See also Orange State Oil Co. v. Jacksonville Expressway Auth., 143 So.2d 892 (Fla. 1st DCA 1962).
Although the "quick take" procedure allowed by chapter 74 is called a supplemental proceeding, fees incurred during such a proceeding are "otherwise provided for" by virtue of section 73.092(1). Chapter 74 proceedings must be brought in conjunction with a regular eminent domain proceeding commenced under chapter 73. § 74.011, Fla. Stat. (1995). When an action brought pursuant to both chapters results in an award of benefits to the property owner, as it did in this case, attorney's fees are assessed based upon those benefits. § 73.092(1).
Since the benefit to the appellee in this case amounted to $3800, the attorney's fee award should have been thirty-three percent of that amount, i.e. $1254. § 73.092(1)(c). We, accordingly, reverse and remand with instructions to enter an award in that amount.
Reversed and remanded with instructions.
CAMPBELL, A.C.J., and FRANK, J., concur.