710 So.2d 958 (1998)
Peter F. PIERPONT, et al., Petitioners,
v.
LEE COUNTY, etc., Respondent.
A & G INVESTMENTS, etc., Petitioner,
v.
LEE COUNTY, etc., Respondent.
BARNETT BANKS, INC., Petitioner,
v.
LEE COUNTY, etc., Respondent.
Nos. 90357, 90573 and 90775
Supreme Court of Florida.
March 12, 1998.
Rehearing Denied June 1, 1998.
Robert L. Donald, Fort Myers; William M. Powell, Cape Coral; Stephen E. Dalton of Pavese, Garner, Haverfield, Dalton, Harrison & Jensen, Fort Myers; and Michael J. Ciccarone of Goldberg, Goldstein & Buckley, P.A., Fort Myers, for Petitioners.
James G. Yager, Lee County Attorney, and John J. Renner, Assistant County Attorney, Fort Myers, for Respondent.
GRIMES, Senior Justice.
We review Lee County v. Pierpont, 693 So.2d 994 (Fla. 2d DCA 1997), Lee County v. A & G Investments, 693 So.2d 999 (Fla. 2d DCA 1997), and Lee County v. Barnett *959 Banks, Inc., 22 Fla. L. Weekly D691, ___ So.2d ___ (Fla. 2d DCA March 12, 1997). A & G Investments and Barnett Banks, Inc. were resolved on the basis of the decision in Pierpont, and on rehearing in Barnett Banks, Inc., the court certified a question of great public importance. Consequently, we accepted jurisdiction of the three cases and consolidated them for resolution in this Court pursuant to article V, section 3(b)(3) and (4) of the Florida Constitution. The certified question reads as follows:
WHETHER THE CONDEMNING AUTHORITY'S GOOD FAITH ESTIMATE OF VALUE CAN BE CONSIDERED AN "OFFER" FOR THE CALCULATION OF ATTORNEY'S FEES UNDER SECTION 73.092, FLORIDA STATUTES (SUPP.1994)?
Lee County v. Barnett Banks, Inc., 22 Fla. L. Weekly D1283, ___ So.2d ___ (Fla. 2d DCA May 20, 1997).
The pertinent facts of these cases are set forth below.

PIERPONT
Lee County filed eminent domain proceedings against land owned by Pierpont. The county elected to acquire the property in a quick taking proceeding authorized by chapter 74, Florida Statutes. Pursuant to section 74.031, Florida Statutes (1993), the county made a good-faith estimate of value at $69,000 in its declaration. Shortly after an answer was filed, the county made a written offer to pay $82,800 for the property. This offer was refused, but the case was subsequently settled for $87,500.

A & G INVESTMENTS
The county filed a declaration of quick taking against the property of A & G in which there was a good-faith estimate of value of $725,000. Two months later, the county made a written offer to A & G to acquire the property for $836,000. The offer was refused and the condemnation proceedings continued. An order of taking was entered and an amount equal to the good-faith estimate was deposited in the registry of the court. Thereafter, pursuant to section 73.032, Florida Statutes (1993), the county served A & G with an offer of judgment for $836,000, which was accepted.

BARNETT BANKS, INC.
The county commenced a quick taking proceeding against Barnett's land and made a good-faith estimate of value of $960,000. A month later, the county made a written offer to pay $1,000,000 for the property, but the offer was rejected. A stipulated order of taking was then entered. Subsequently, the parties entered into a stipulated final judgment awarding Barnett $1,060,000 for its property.
In each case, there was a dispute over the attorney's fees to be paid by the county. The argument turned on an interpretation of section 73.092, Florida Statutes (Supp.1994), which reads in pertinent part:
(1) Except as otherwise provided in this section, the court, in eminent domain proceedings, shall award attorney's fees based solely on the benefits achieved for the client.
(a) As used in this section, the term "benefits" means the difference, exclusive of interest, between the final judgment or settlement and the last written offer made by the condemning authority before the defendant hires an attorney. If no written offer is made by the condemning authority before the defendant hires an attorney, benefits must be measured from the first written offer after the attorney is hired.
....
(c) Attorney's fees based on benefits achieved shall be awarded in accordance with the following schedule:
1. Thirty-three percent of any benefit up to $250,000; plus
2. Twenty-five percent of any portion of the benefit between $250,000 and $1 million; plus
3. Twenty percent of any portion of the benefit exceeding $1 million.
The landowners contended that benefits should be determined by subtracting the county's good-faith estimate of value from the amount which was finally paid for the land. The county asserted that benefits *960 achieved for the client were based upon the difference between the amount of its written offer and the ultimate award. In each instance, the trial court accepted the landowner's argument and awarded the larger amount of attorney's fees. The Second District Court of Appeal reversed the orders on the premise that the good-faith estimate of value did not constitute a written offer as contemplated by section 73.092(1)(a).[1] As a consequence, Pierpont's attorney's fee was reduced to $1,551, and Barnett's attorney's fee was reduced to $19,800. A & G received no attorney's fee.
As a foundation for their arguments, the landowners point out that full compensation within the meaning of article X, section 6 of the Florida Constitution includes the payment of attorney's fees necessary to enforce a condemnee's rights. Dade County v. Brigham, 47 So.2d 602 (Fla.1950); Schick v. Department of Agric. & Consumer Servs., 586 So.2d 452 (Fla. 1st DCA 1991); Orange State Oil Co. v. Jacksonville Expressway Auth., 143 So.2d 892 (Fla. 1st DCA 1962). They contend that in order to uphold the constitutionality of section 73.092, we must interpret the term "written offer" to include a goodfaith estimate of value. They suggest that a good-faith estimate of value is equivalent to an offer because it is an expression of what the condemning authority is willing to pay.
The county responds that the legislature must be assumed to have used the word "offer" according to its traditional legal meaning and that a good-faith estimate of value is nothing more than that and is not a binding offer. The county asserts that before the enactment of section 73.092, the law encouraged protracted litigation and unnecessary expense, whereas the statute now authorizes an attorney's fee commensurate with the benefits obtained through the attorney's services. The landowner who takes an unreasonable position in response to a reasonable offer runs the risk of little or no attorney's fees if little or no benefits are obtained.
At the outset, we have no hesitation in saying that the legislature may enact reasonable provisions to govern the award of attorney's fees in condemnation actions. See Schick v. Department of Agric. & Consumer Servs., 599 So.2d 641 (Fla.1992); Seminole County v. Butler, 676 So.2d 451 (Fla. 5th DCA), review denied, 686 So.2d 581 (Fla. 1996). Moreover, we do not believe that the constitution constrains us from accepting the county's interpretation of the statute. We hold that a good-faith estimate of value does not constitute a written offer as set forth in section 73.092.
An offer is an expression by a party of assent to certain definite terms, provided that the other party involved in the bargaining transaction will likewise express assent to the same terms. Arthur Linton Corbin, Corbin on Contracts § 1.11, at 28 (Joseph M. Perillo ed., rev. ed.1993). A good-faith estimate of value is entirely different. If the condemning authority opts to obtain land in advance of final judgment, the declaration of taking must include a good-faith estimate of value based upon a valid appraisal. § 73.031, Fla. Stat. (1993). If the court determines that the petitioner is entitled to the possession of the land prior to final judgment, it will enter an order requiring the petitioner to deposit in the registry of the court a sum not less than the amount of the good-faith estimate of value. § 74.051, Fla. Stat. (1993). Upon motion, the court may permit the landowner to withdraw such funds pending entry of the final judgment. § 74.071, Fla. Stat. (1993). Of particular significance is the fact that if a property owner withdraws all of the funds deposited in the court's registry and the final judgment of compensation is for a lesser amount, the condemning authority is entitled to judgment against the property owner for the difference.
The condemning authority is not bound by its good-faith estimate of value and is free to contest the issue of full compensation by presenting testimony of a lower or *961 higher value to the jury. Jacksonville Expressway Auth. v. Bennett, 158 So.2d 821 (Fla. 1st DCA 1963). While the deposit of the estimate of value into the court's registry enables a condemning authority to take title to the land, the estimate does not establish the value of the property rights, and the court's determination that the estimate was made in good faith based upon a valid appraisal is not a finding of just compensation. Florida East Coast Ry. Co. v. Broward County, 421 So.2d 681 (Fla. 4th DCA 1982).
The language of section 73.092 does not permit us to conclude that a good-faith estimate of value is the equivalent of a written offer. Therefore, we answer the certified question in the negative. However, we do not foreclose the possibility that under certain circumstances section 73.092 could be unconstitutional as applied.[2] Suffice it to say, none of the factual scenarios before us present such a case.
We disapprove Cumberland Farms and Rollingwood Apartments to the extent that they conflict with this opinion. We approve the decisions below.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING and ANSTEAD, JJ., concur.
WELLS, J., concurs with an opinion in which SHAW, J., concurs.
WELLS, Justice, concurring.
I concur with the majority opinion because it appears to me to be a correct application of the language of the present statute.
However, I believe Judge Blue's dissent has substantial merit and that the legislature should consider amending the statute so that the good-faith estimate of value in the quicktaking procedure equates to the "offer" referred to in section 73.092, Florida Statutes. A good-faith estimate upon which the government acquires title to land should be in fact the government's good-faith amount that it would advisedly pay for the land. Equating this amount to the "offer" referred to in section 73.092 would provide a logical procedure.
SHAW, J., concurs.
NOTES
[1] The Fifth District Court of Appeal appeared to reach a contrary conclusion in Seminole County v. Cumberland Farms, Inc., 688 So.2d 372 (Fla. 5th DCA 1997), and Seminole County v. Rollingwood Apartments, Ltd., 678 So.2d 370 (Fla. 5th DCA 1996), when it accepted the premise that a good-faith estimate of value was a written offer, but the opinions do not reflect that the point was challenged.
[2] The landowners suggest that the condemning authority could decline to make a written offer to settle and then contend that the landowner was not entitled to any attorney's fees because no benefits as defined by the statute were obtained. Alternatively, they proffer the possibility that after the landowner's attorney engages appraisers and other experts to build a convincing case that the property is worth many times the good-faith estimate of value, the condemning authority could thwart an award of attorney's fees by making its first offer of the real value during the trial.