715 So.2d 963 (1998)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
SMITHBILT INDUSTRIES, INC., a Florida corporation, Appellee.
No. 97-02849.
District Court of Appeal of Florida, Second District.
June 10, 1998.
Rehearing Denied August 13, 1998.
*964 Pamela S. Leslie, General Counsel, and Gregory G. Costas, Assistant General Counsel, Department of Transportation, Tallahassee, for Appellant.
John W. Frost, II, and John Marc Tamayo of Frost, O'Toole & Saunders, P.A., Bartow, for Appellee.
ALTENBERND, Judge.
The State of Florida, Department of Transportation (the Department), appeals an order awarding attorneys' fees and costs to Smithbilt Industries, Inc. (Smithbilt), on a business damages claim in an eminent domain proceeding. We affirm the trial court's decision to award fees pursuant to section 73.092(2), Florida Statutes (1995), because the claim for statutory business damages was tried after the issue of taking had been resolved and after all elements of constitutional compensation had been awarded and was, therefore, a "supplemental proceeding."
The Department filed a petition in eminent domain in April 1995 to take certain lands in Polk County for a transportation project. Immediately prior to trial, the Department and Smithbilt settled claims relating to the value of the land taken, severance damages, and cost to cure. The Department `s first written offer on these claims totaled $57,000 and the final settlement was $138,000. For these claims, the attorneys' fees were properly determined pursuant to section 73.092(1), using the "benefits achieved" method, which allowed for an award of 33% of the difference between the first written offer and the final settlement.
The parties were unable to settle Smithbilt's claim for business damages. The Department never made any written offer to settle this claim. Neither party made a formal offer of judgment, and a jury ultimately awarded $35,000 to Smithbilt. Thereafter, Smithbilt sought attorneys' fees pursuant to section 73.092(2). The Department maintained that fees should be awarded pursuant to section 73.092(1) on the theory that its failure to make any written offer should be equated with a written "offer" of zero dollars. Thus, according to the Department, the fees to be awarded should have been 33% of the jury's award, i.e., $11,665.50. The trial court agreed with Smithbilt and awarded fees of *965 $35,000 pursuant to section 73.092(2).[1]
Chapter 94-162 of the Laws of Florida amended section 73.092 for all actions filed after October 1, 1994. In its entirety, that section now provides:
(1) Except as otherwise provided in this section, the court, in eminent domain proceedings, shall award attorney's fees based solely on the benefits achieved for the client.
(a) As used in this section, the term "benefits" means the difference, exclusive of interest, between the final judgment or settlement and the last written offer made by the condemning authority before the defendant hires an attorney. If no written offer is made by the condemning authority before the defendant hires an attorney, benefits must be measured from the first written offer after the attorney is hired.
1. In determining attorney's fees in prelitigation negotiations, benefits do not include amounts awarded for business damages unless the business owner provided to the condemning authority, upon written request, prior to litigation, those financial and business records kept by the owner in the ordinary course of business.
2. In determining attorney's fees subsequent to the filing of litigation, if financial and business records kept by the owner in the ordinary course of business were not provided to the condemning authority prior to litigation, benefits for amounts awarded for business damages must be based on the first written offer made by the condemning authority within 120 days after the filing of the eminent domain action. In the event the petitioner makes a discovery request for a defendant's financial and business records kept in the ordinary course of business within 45 days after the filing of that defendant's answer, then the 120-day period shall be extended to 60 days after receipt by petitioner of those records. If the condemning authority makes no written offer to the defendant for business damages within the time period provided in this section, benefits for amounts awarded for business damages must be based on the difference between the final judgment or settlement and the last written offer made by the condemning authority before the defendant hired an attorney.
(b) The court may also consider nonmonetary benefits obtained for the client through the efforts of the attorney, to the extent such nonmonetary benefits are specifically identified by the court and can, within a reasonable degree of certainty, be quantified.
(c) Attorney's fees based on benefits achieved shall be awarded in accordance with the following schedule:
1. Thirty-three percent of any benefit up to $250,000; plus
2. Twenty-five percent of any portion of the benefit between $250,000 and $1,000,000; plus
3. Twenty percent of any portion of the benefit exceeding $1 million.
(2) In assessing attorney's fees incurred in defeating an order of taking, or for apportionment, or other supplemental proceedings, when not otherwise provided for, the court shall consider:
(a) The novelty, difficulty, and importance of the questions involved.
(b) The skill employed by the attorney in conducting the cause.
(c) The amount of money involved.
(d) The responsibility incurred and fulfilled by the attorney.
(e) The attorney's time and labor reasonably required adequately to represent the client in relation to the benefits resulting to the client.
(f) The fee, or rate of fee, customarily charged for legal services of a comparable or similar nature.
(g) Any attorney's fee award made under subsection (1).
(3) In determining the amount of attorney's fees to be paid by the petitioner under subsection (2), the court shall be guided by the fees the defendant would *966 ordinarily be expected to pay for these services if the petitioner were not responsible for the payment of those fees.
(4) At least 30 days prior to a hearing to assess attorney's fees under subsection (2), the condemnee's attorney shall submit to the condemning authority and to the court complete time records and a detailed statement of services rendered by date, nature of services performed, time spent performing such services, and costs incurred.
(5) The defendant shall provide to the court a copy of any fee agreement that may exist between the defendant and his or her attorney, and the court must reduce the amount of attorney's fees to be paid by the defendant by the amount of any attorney's fees awarded by the court.
Prior to the 1994 amendments, fees were established with emphasis upon the benefits achieved but with secondary consideration of the first five factors now contained in subsection (2). See § 73.092, Fla. Stat. (1993).[2] Thus, the award in this case is comparable to the award that Smithbilt would have received if the action had been filed prior to October 1, 1994.
Subsection (1) now awards fees based solely on benefits achieved, "except as otherwise provided in this section." The definition of "benefits" in subsection (1)(a) unquestionably requires that the condemning authority make a written settlement offer.[3]See Pierpont v. Lee County, 710 So.2d 958 (Fla.1998). This is consistent with the overall intent of chapter 94-162 to encourage and facilitate amicable settlements in eminent domain proceedings. See State, Dep't of Transp. v. ABS Properties Partnership, 693 So.2d 703 n. 1 (Fla. 2d DCA 1997).
We have considered subsection (1)(a)(2), which expressly discusses attorneys' fees for business damages. If the condemning authority makes no written offer to the defendant for business damages in the prescribed time after litigation is commenced, that provision measures benefit based on the difference between the final judgment or settlement and the last written offer extended to the defendant before that party retains an attorney. In this case, no such offer was made, and we cannot use this provision to establish fees.
Subsection (2) provides for attorneys' fees only in defeating an order of taking, or for apportionment, or incurred in "other supplemental proceedings, when not otherwise provided for." Thus, the statute contains a gap because it contains no method to establish fees in the event that the condemning authority makes no written offer and the proceeding is not supplemental in nature. Given the long history of attorneys' fees in such cases and the constitutional mandate for full compensation in eminent domain proceedings, there can be no question that the legislature intends for defendants to receive fees in such cases. The only question is how to calculate those fees.
Smithbilt argues that the fees should be calculated under subsection (2) because it allows for a reasonable fee based upon common factors used to determine attorneys' fees. The Department argues that subsection (1) should be interpreted to imply an offer of zero when no written offer is actually made. The Department maintains that it can circumvent Smithbilt's position by making a nominal written offer of $1.
Zero is not an amount normally regarded as an "offer." We are unconvinced that the statutory definition of "benefit" can be manipulated to include cases in which the Department makes no true offer. In addition, we question whether a bad faith offer of $1 would actually circumvent Smithbilt's argument, but we have no need to reach that issue in this case.
We are inclined to hold that section 73.092(2) should govern awards of attorneys' *967 fees in all eminent domain proceedings in which the condemning authority fails to make a written offer to settle the claim or which otherwise cannot be resolved using the benefit analysis in section (1). In this case, however, we can fashion a narrower holding. Section 73.092 contains no definition of "other supplemental proceeding." In normal usage, a supplemental proceeding occurs at the end of a proceeding, usually after a final judgment has been entered. See § 56.29, Fla. Stat. (1997). Oddly, in chapter 74, the quick-take provisions used in eminent domain in advance of a final judgment are referred to as "proceedings supplemental." These proceedings, however, are not the "supplemental proceedings" described in section 73.092. State, Dep't of Transp. v. LaBelle Phoenix Corp., 696 So.2d 947, 948 (Fla. 2d DCA 1997).[4] The grammar in the initial sentence of section 73.092(2) could be improved, but it suggests that even a proceeding in which a taking is defeated is a supplemental proceeding. Thus, the legislature's definition of "other supplemental proceedings" in section 73.092(2) is open to some speculation. Given that the order of taking had been entered in this case and the compensation required by article X, section 6, of the Florida Constitution had been determined, we conclude that the trial court reasonably regarded the trial on statutory business damages as an "other supplemental proceeding." Therefore, at least in the absence of a successful offer of judgment or a written offer, we hold that subsection (2) should be used to determine attorneys' fees in an eminent domain trial that is limited to the issue of business damages.
Affirmed.
THREADGILL, A.C.J., and FULMER, J., concur.
NOTES
[1] This award was based on the factors in section 73.092(2). It is coincidental that the attorneys' fees equal the jury's verdict on business damages.
[2] In addition to amending section 73.092, chapter 94-162 also amended section 73.032 in order to allow a defendant in an eminent domain proceeding to make an offer of judgment. If a defendant is successful in obtaining a judgment in excess of its offer, the Department must pay fees pursuant to subsections (2) and (3), even if the Department has made a written offer under subsection (1). See § 73.032(6), Fla. Stat. (1995). Because Smithbilt made no offer of judgment, this provision has no direct application in this case.
[3] The written offer required by section 73.092(1) includes written offers that do not comply with all of the requirements to create an offer of judgment under section 73.032.
[4] Dicta in the LaBelle Phoenix case suggested that section 73.092(2) is "only applicable when attorneys' fees, not otherwise provided for, are incurred for required proceedings that do not result in a monetary benefit upon which a fee can be based." LaBelle Phoenix, 696 So.2d at 948. LaBelle Phoenix involved a written offer from the Department and circumstances in which section 73.092(1) could be applied. Although we have a monetary benefit in this case, it is not one upon which a fee can be based due to the definition of "benefit" in section 73.092(1).