713 So.2d 1090 (1998)
Zebulon TEETER, Jr., et al., Appellant,
v.
DEPARTMENT OF TRANSPORTATION, State of Florida, Appellee.
Nos. 97-1281, 97-1292.
District Court of Appeal of Florida, Fifth District.
July 17, 1998.
*1091 Raymer F. Maguire III of Fixel & Maguire, Orlando, and Robert M. Ervin, Jr. and J. Stanley Chapman of Ervin, Varn, Jacobs, & Ervin, Tallahassee, for Appellants.
Pamela S. Leslie, General Counsel, and Gregory G. Costas, Assistant General Counsel, DOT, Tallahassee, for Appellee.
SCHEB, J., Associate Judge.
In this consolidated appeal, appellants challenge final orders awarding them attorney's fees in two eminent domain proceedings. Appellants contend the trial court erred in awarding fees based solely on the monetary benefits achieved in the proceedings. We disagree and affirm the trial court.
After the trial court entered final judgments awarding appellants an amount equal to the parties' stipulated value for the properties taken by the Department of Transportation (DOT), appellants filed two separate motions for attorney's fees. Following an evidentiary hearing, the trial court granted their motions and awarded them attorney's fees pursuant to section 73.092(1), Florida Statutes (Supp.1994), based on the monetary benefit achieved. However, the court denied appellant's request for additional fees pursuant to section 73.092(2), Florida Statutes (Supp.1994), "as there has been no defeat of an order of taking, apportionment proceedings, or other supplementary proceeding...." Further, the court declined to award fees for the hours spent litigating the issue as to the amount of attorney's fees.
Section 73.092, Florida Statutes (Supp. 1994), provides, in part:
(1) Except as otherwise provided in this section, the court, in eminent domain proceedings, shall award attorney's fees based solely on the benefits achieved for the client.
* * * * * *
(2) In assessing attorney's fees incurred in defeating an order of taking, or for apportionment, or other supplemental proceedings, when not otherwise provided for, the court shall consider:
(a) The novelty, difficulty, and importance of the questions involved.
(b) The skill employed by the attorney in conducting the cause.
(c) The amount of money involved.
(d) The responsibility incurred and fulfilled by the attorney.
(e) The attorney's time and labor reasonably required adequately to represent the client in relation to the benefits resulting to the client.
(f) The fee, or rate of fee, customarily charged for legal services of a comparable or similar nature.
(g) Any attorney's fee award made under subsection (1).
Appellants contend that in addition to the fees they were awarded pursuant to subsection (1) of the statute, they were entitled to recover attorney's fees under subsection (2). However, appellants settled these eminent domain cases before trial and, by doing so, they neither defeated an order of taking *1092 nor participated in an apportionment or other supplemental proceedings as contemplated by subsection (2).
The award of attorney's fees in eminent domain proceedings is based on statute and the trial court in this case followed the statutory mandate. In rejecting appellant's argument, we apply the plain meaning of the statute as did the Second District Court of Appeal in State, Department of Transportation v. LaBelle Phoenix Corp., 696 So.2d 947 (Fla. 2d DCA 1997). In LaBelle, as here, the parties stipulated as to value of property taken by the DOT. Our sister court reversed the trial court's award of attorney's fees to the property owners under section 73.092(2) and remanded for a determination of a fee pursuant to section 73.092(1). We agree with the second district.
Finally, appellants are not entitled to recover attorney's fees for the hours spent litigating the amount of fees to be awarded. As Judge Thompson observed in Department of Transportation v. Robbins & Robbins, Inc., 700 So.2d 782 (Fla. 5th DCA 1997), the "[t]ime spent litigating a fee amount is not compensable since the condemnee has no interest in the amount of the fee, the benefit of which inures solely to its attorney."
AFFIRMED.
DAUKSCH, J., concurs.
W. SHARP, J., concurs specially, with opinion.
W. SHARP, Judge, concurring specially.
I concur with the result in this case, but write because I believe that the language of section 73.092(2), is fraught with problems and may be constitutionally defective.
Subsection (1) requires the trial court to award attorneys fees based solely on the benefits obtained for the client, "except as otherwise provided in this section." Subsection (2), by its very language, has been interpreted by the majority opinion and by the second district to limit attorney fee recovery to those fees incurred "in defeating an order of taking, or for apportionment, or other supplemental proceedings." See State, Dept. of Transportation v. LaBelle Phoenix Corp., 696 So.2d 947 (Fla. 2d DCA 1997).
The limitation contained in section 73.092(2) prohibits recovery of attorneys fees in certain cases. And subsection (1) recovery, which is premised on the benefits received in the litigation by the owner, is likewise limiting. These subsections seem to conflict with Florida constitutional requirements that a condemnee owner be justly compensated in taking cases, including attorneys fees.[1]See Art. X(6)(a), Fla. Const.; Seminole County v. Butler, 676 So.2d 451 (Fla. 5th DCA 1996); Breitbart v. State Road Dept. of Florida, 116 So.2d 458 (Fla. 3d DCA 1959). No matter what the nature of the proceeding, or the benefit received, the property owner is still required to pay attorney fees to protect his property or financial interest.
In this case, no constitutional issues were raised, and the error here does not rise to the level of fundamental error. See Wagner v. Nottingham Associates, 464 So.2d 166 (Fla. 3d DCA 1985); Marks v. Delcastillo, 386 So.2d 1259, 1267, n. 15 (Fla. 3d DCA 1980); Pasco County School Bd. v. Florida PERC, 353 So.2d 108 (Fla. 1st DCA 1977). Absent fundamental error, constitutional errors are waived unless first presented below. See Sanford v. Rubin, 237 So.2d 134 (Fla. 1970); Granados v. Miller, 369 So.2d 358 (Fla. 4th DCA 1979). However, I urge the Legislature to take another look at this statute with a constitutional objective in mind.
NOTES
[1] Unlike the Florida Constitution, the United States Constitution does not require the owner to be reimbursed for attorneys fees to satisfy the just compensation requirement. U.S. v. Bodcaw Co., 440 U.S. 202, 203, 99 S.Ct. 1066, 59 L.Ed.2d 257 (1979).