SALCINES, Judge.
The State of Florida, Department of Transportation, appeals the trial court’s order determining attorney and expert fees in an eminent domain proceeding. We reverse.
The subject property in this eminent domain proceeding is located in Polk County, Florida, at the Clark Road overpass on Interstate 4. The property was acquired for use in the construction of the Polk County Expressway. DOT first offered the landowner, Michael W. Logue (as the executor of an estate), $4,700 and subsequently submitted an offer of judgment in the amount of $10,500. Both offers were rejected and the case was ultimately settled for $15,000. The court awarded the landowner an attorney’s fee in the amount of $18,112.50 and an expert witness fee in the amount of $962.50.
The award of the attorney’s fee in this eminent domain case was generally governed by section 73.092, Florida Statutes (1995). In determining the amount of that fee, the trial court incorrectly applied subsection 73.092(2), which sets forth factors to be considered in determining such an award. This method of calculation is employed only in cases in which a party has defeated an order of taking, an apportionment is at issue, or other supplemental proceedings have occurred. See State, Dep’t of Transp. v. Smithbilt Indus., Inc., 715 So.2d 963 (Fla. 2d DCA 1998). The present case involved none of the foregoing; thus, it was incumbent upon the trial court to determine the attorney’s fee by applying the calculation set forth in subsection 73.092(l)(c)l., which limits the attorney’s fee to thirty-three percent of the benefits received. Because this calculation was readily determinable without resort to expert testimony in the present case, we also hold that the trial court erred in granting the expert witness fee. Upon remand, the trial court shall calculate the award of attorney’s fees by applying subsection 73.092(l)(c)l., Florida Statutes (1995).
Reversed and remanded for proceedings consistent herewith.
PATTERSON, A.C.J., and BLUE, J., Concur.