STRINGER, Judge.
Sarasota County seeks review of an award of attorney’s fees to Fannie Curry in this eminent domain action. Because the trial court abused its discretion in awarding the fees based on section 73.092(1), Florida Statutes (1995), we reverse.
In July 1996, Sarasota County brought an eminent domain proceeding to acquire numerous properties for a public project known as Albee Road Improvement. This appeal deals only with parcel 117A, the ownership of which is not ascertainable. Sarasota County named two potential landowners, Johnson and Miller, and a third potential landowner, Curry, intervened. Each of the three potential landowners retained separate counsel.
*1241 These three potential landowners all claimed an interest in the proceeds for parcel 117A, and each agreed to receive one-third of the good faith estimate[1] of $20,550 that Sarasota County had deposited in the court registry in May 1997. In August 2002, Sarasota County served a joint offer of judgment of $30,025 on all three potential landowners, and all three potential landowners jointly accepted the offer.
A stipulated final judgment entered on October 7, 2002, jointly awarded all three potential landowners $30,025, which was $9475 in excess of the good faith estimate. The parties apportioned the excess amount among themselves. Johnson received a total of $14,691.66, and Curry and Miller each received a total of $7666.67.
Following entry of the stipulated final judgment, each of the three potential landowners filed separate motions for attorney’s fees and costs. The only fee at issue is that of attorney Connolly for his representation of Curry. The court awarded Curry attorney’s fees of $9900 pursuant to section 73.092(1).
Section 73.092(1) provides, “[T]he court, in eminent domain proceedings, shall award attorney’s fees based solely on the benefits achieved for the client.” In cases when the condemning authority does not make a written offer before the defendant hires an attorney, “benefits” are defined as the difference between the final judgment and the first written offer after an attorney is hired. § 73.092(l)(a). Attorney’s fees based on benefits up to $250,000 equal thirty-three percent of the benefits. § 73.092(l)(c)(l). Section 73.092(1) does not provide for the consideration of any factor other than the benefits to the client in awarding attorney’s fees. Dep’t of Transp. v. LaBelle Phoenix Corp., 696 So.2d 947, 948 (Fla. 2d DCA 1997).
In this case,- the award of attorney’s fees appears to be based on “benefits” calculated as the difference between the unapportioned stipulated final, judgment and an offer of zero. The good faith estimate does not, constitute a “written offer” under section 73.092(1). Pierpont v. Lee County, 710 So.2d 958, 960 (Fla.1998). The trial court declined to consider the offer of judgment as a “written offer” under section 73.092(1) because it was made so late in the proceedings. We review an award of attorney’s fees under section 73.092 for an abuse of discretion. Amerada Hess Corp. v. Dep’t of Transp., 788 So.2d 276, 277 (Fla. 4th DCA 2000).
While we share the court’s frustration with the late timing of Sarasota County’s offer of judgment, the offer of judgment clearly constitutes a “written offer” for purposes of section 73.092(1). Sarasota County argues that, if the offer of judgment constitutes a “written offer,” Curry is not entitled to attorney’s fees under section 73.092(1) because the “benefits,” or the difference between the stipulated final judgment and the offer of judgment, are $0. However, the benefits are $0 only as to all three potential landowners taken together. The record reflects that Curry actually received $7666.67 from the stipulated final judgment, but the record does not reflect how much of the $30,025 offer was intended for Curry. The benefits to Curry are thus impossible to ascertain, and the court abused its discretion in *1242 awarding Curry attorney’s fees based on benefits under section 73.092(1).[2] Instead, the court should have based its attorney’s fee award on section 73.092(2). See Dep’t of Transp. v. Smithbilt Indus., Inc., 715 So.2d 963, 966-67 (Fla. 2d DCA 1998).
Section 73.092(2) provides factors for an attorney’s fee consideration “[i]n assessing attorney’s fees incurred in defeating an order of taking, or for apportionment, or other supplemental proceedings, when not otherwise provided for.” A plain language reading of that subsection suggests that it would be inapplicable in this case because the underlying action was not a “supplemental proceeding.” See also LaBelle Phoenix Corp., 696 So.2d at 948 (holding that an eminent domain action that ended with a stipulated final judgment was not a “supplemental proceeding”). However, in Smithbilt, this court suggested that subsection (2) “should govern awards of attorneys’ fees in all eminent domain proceedings in which the condemning authority fails to make a written offer to settle the claim or which otherwise cannot be resolved using the benefits analysis in section (1).” 715 So.2d at 966-67. This is so because section 73.092 contains a “gap” by failing to provide a method for calculating attorney’s fees in cases in which the benefits analysis is not applicable and the proceeding is not a supplemental one. Id. at 966. Application of subsection (2) in those proceedings is necessary to give effect to the legislature’s intent that the landowner receive attorney’s fees under section 73.092 based on the landowner’s constitutional right to full compensation in eminent domain proceedings.[3] Id.; see also City of N. Miami Beach v. Reed, 28 Fla. L. Weekly D2219, - So.2d -, 2003 WL 22187977 (Fla. 3d DCA Sept.24, 2003) (holding that section 73.092(2) should be applied to determine an attorney’s fee award in eminent domain proceedings when no offer is made by the condemning authority, thus making subsection (1) inapplicable).
Because it was impossible to measure the benefits to Curry in the underlying proceeding, the trial court abused its discretion in applying section 73.092(1), and we reverse and remand for reconsideration of attorney’s fees under section 73.092(2). On remand, Curry is not limited to the amount of fees requested in her motion for attorney’s fees.
Reversed and remanded.
SALCINES and WALLACE, JJ., concur.

. The condemning authority's declaration of taking must include a "good faith estimate” of the value of the property based on a valid appraisal. § 74.031, Fla. Stat. (1995). If the court decides that the condemning authority is entitled to possession of the land before final judgment, it will order the condemning authority to deposit a sum not less than the good faith estimate of value into the court registry. § 74.051.

. Even if the benefits were zero, it would be an abuse of discretion to apply subsection (1) when it would work to deny attorney's fees in contravention of the landowners' constitutional right-to full compensation. See, e.g., Pierpont v. Lee County, 710 So.2d 958, 961 n. 2 (Fla.1998) (noting that section 73.092 could be unconstitutional as applied if "the condemning authority could thwart an award of attorney’s fees by making its first offer of real value during the trial”); Teeter v. Dep’t of Transp., 713 So.2d 1090, 1092 (Fla. 5th DCA 1998) (Sharp, J., concurring specially) (stating that subsections (1) and (2) "seem to conflict with Florida constitutional requirements that a condemnee owner be justly compensated in taking cases, including attorneys fees”).

. In 1999, the legislature added a statutory provision extending presuit negotiation requirements to all condemning authorities which appears to alleviate our concerns regarding the constitutional application of section 73.092. See ch. 99-385, § 57, Laws of Fla.; § 73.015, Fla. Stat. (1999).