CRENSHAW, Judge.
Southwest Florida Water Management District (the District) appeals a final order awarding $380,000 in attorney’s fees to Raymond J. Shea and Mary Lou Shea in an eminent domain proceeding. The District challenges the fees awarded under section 73.092(l)(b) and (2), Florida Statutes (2010). On cross-appeal, the Sheas argue that the trial court erred by awarding fees under section 73.092(l)(a), where it should have applied the lodestar factors listed in section 73.092(2). We affirm without further comment the award of attorney’s fees pursuant to section 73.092(l)(a) and (b). However, because contesting an order of taking does not constitute a supplemental proceeding contemplated by section 73.092(2), we reverse the $160,000 in attorney’s fees awarded under that section and remand for proceedings consistent with this opinion.
Before initiating eminent domain proceedings, the District offered to purchase the Sheas’ forty-acre property for a project designed to raise the water level of Lake Hancock in Polk County. The Sheas did not accept the offer and in August 2009, the District filed its eminent domain petition to take the Sheas’ property. The Sheas objected to the District’s order of *584 taking and requested a hearing pursuant to section 74.051, Florida Statutes (2009).
At the order of taking hearing, the Sheas challenged the sufficiency of the District’s appraisal, deposit, and need for immediate possession. In May 2010, the trial court entered an order of taking, requiring the District to pay an $800,000 deposit. The parties thereafter stipulated to an order for rent-free extended possession of the property. And before a scheduled jury trial, the parties agreed the Sheas would be compensated $1.8 million for the property.
Following the settlement, the Sheas filed a motion for attorney’s fees, requesting the trial court to determine the proper method for calculating fees. After an initial hearing on the motion, the trial court concluded that the Sheas were entitled to $163,750 in attorney’s fees pursuant to section 73.092(l)(a). The trial court also stated that the issue of fees for nonmonetary benefits under section 73.092(l)(b) would be determined, and it concluded that the order of taking hearing constituted a “supplemental proceeding within the definition of [section] 73.092(2).”
A different judge presided over a second hearing on the Sheas’ motion for attorney’s fees. At the hearing, the trial court questioned the previous ruling that the order of taking hearing was a supplemental proceeding. Despite this uncertainty, the trial court did not revisit the issue, and it awarded the Sheas $160,000 in fees under section 73.092(2). The trial court also awarded a nonmonetary benefit fee of $56,250 under section 73.092(l)(b). Accordingly, the final judgment awarded a total of $380,000 in attorney’s fees to the Sheas, and the District filed a timely notice of appeal.
In Florida, the constitutionally guaranteed right to full compensation in an eminent domain proceeding includes a right to attorney’s fees. See art. X, § 6(a), Fla. Const.; Seminole Cnty. v. Butler, 676 So.2d 451, 454 (Fla. 5th DCA 1996) (“Full compensation within the meaning of our constitution includes the payment of attorney’s fees necessary to enforce the property owner’s rights, including fees incurred in proceedings arising out of, and ancillary to, the original condemnation proceeding.”). The method for calculating fees in eminent domain proceedings is outlined in section 73.092. “We review an award of attorney’s fees under section 73.092 for an abuse of discretion.” Sarasota Cnty. v. Curry, 861 So.2d 1239, 1241 (Fla. 2d DCA 2003). However, issues of statutory interpretation are reviewed de novo. See Amoco Oil Co. v. Fla. Dep’t of Transp., 765 So.2d 111, 112 (Fla. 1st DCA 2000) (reviewing de novo the issue of whether a hearing on post-judgment costs constitutes “other supplemental proceedings” contemplated by section 73.092(2)).
We conclude that the trial court erred in awarding attorney’s fees to the Sheas pursuant to section 73.092(2) because contesting an order of taking does not constitute a supplemental proceeding contemplated by the statute. Section 73.092(2) applies to fees “incurred in defeating an order of taking, or for apportionment, or other supplemental proceedings, when not otherwise provided for.” Therefore, the statute “is only applicable when attorney’s fees, not otherwise provided for, are incurred for required proceedings that do not result in a monetary benefit upon which a fee can be based.” Fla. Dep’t of Transp. v. LaBelle Phoenix Corp., 696 So.2d 947, 948 (Fla. 2d DCA 1997). While this court has noted that section 73.092 provides no definition of “other supplemental proceeding,” “[i]n normal usage, a supplemental proceeding occurs at the end of a proceeding, usually after a final judgment has been entered.” Fla. Dep’t of *585 Transp. v. Smithbilt Indus., Inc., 715 So.2d 963, 967 (Fla. 2d DCA 1998). Here, contesting the order of taking was a fundamental part of the proceedings that led to the final order of taking. Accordingly, we hold that contesting an order of taking does not constitute a supplemental proceeding contemplated by section 73.092(2). And because the Sheas have been fully compensated for fees under section 73.092(l)(a), we reverse the $160,000 in attorney’s fees awarded to the Sheas under section 73.092(2).
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and WALLACE, JJ., Concur.