PER CURIAM.
This eminent domain case is here for the second time. In Orlando/Orange County Expressway Authority v. Tuscan Ridge, LLC, 84 So.3d 410 (Fla. 5th DCA 2012), we reversed Appellee landowners’ attorney’s fee award, determined under section 73.092(2), Florida Statutes (2006), and remanded with instructions that the trial court recalculate the fee using section 73.092(1), unless it declared section 73.092(1) unconstitutional as applied to the facts of this case. On remand, the trial court did just that — ruling that, because Appellant had been the cause of “excessive litigation,” the utilization of the formula set forth in section 73.092(1) would amount to a denial of full compensation under article X, section 6, Florida Constitution. Having reached that conclusion, the trial court again utilized section 73.092(2) to set the fee, multiplying the number of hours times a reasonable hourly rate. We reverse.
Appellant concedes that entitlement to reasonable attorney’s fees in eminent domain proceedings is a component of “full compensation” under the Florida Constitution. Art. X, § 6, Fla. Const.; JEA v. Williams, 978 So.2d 842, 845 (Fla. 1st DCA 2008) (citing Tosohatchee Game Pres., Inc. v. Cent. & S. Fla. Flood Control Dist., 265 So.2d 681 (Fla.1972)); Seminole Cnty. v. Butler, 676 So.2d 451, 454 (Fla. 5th DCA 1996). Appellees concede as a corollary that, as a “general proposition,” the determination of how that fee is calculated in eminent domain proceedings appears to be within the province of the legislature. See Schick v. Dep’t of Agrie. & Consumer Seros., 599 So.2d 641, 643 (Fla.1992) (“We agree that where the legislature has set forth specific criteria for determining reasonable attorney’s fees to be awarded pursuant to a fee-authorizing statute, the trial judge is bound to use only the enumerated criteria.”). But see Daniels v. State Road Dep’t, 170 So.2d 846, 851 (Fla.1964) (“It is well settled that the determination of what is just compensation for the taking of private property for public use ‘is a judicial function that cannot be performed by the Legislature either directly or by any method of indirection.’ ” (quoting Spafford v. Brevard Cnty., 92 Fla. 617,110 So. 451, 455 (1926))).
In Pierpont v. Lee County, 710 So.2d 958, 960 (Fla.1998), our high court addressed the statutory scheme at issue here. Although it approved the notion that the legislature “may enact reasonable provisions to govern the award of attorney’s fees in condemnation actions,” it posited that there might be circumstances *1156 where the present statutory scheme is unconstitutional as applied. Id. at 960, 961. The court offered two such examples, neither of which applies here. Id. at 961 n. 2.[1]
Benefits-based fees are not novel. Plaintiffs lawyers in the personal injury arena routinely use this method for setting fees. When this method is used, there is never a guarantee that the effective hourly compensation will equate to the market rate. Conversely, a benefits-based fee might yield a substantial hourly fee. Here, the statutory, benefits-based formula results in a $227,652.25 fee which amounts to a blended hourly fee for attorney and paralegal time of approximately $87. This fee does not appear patently unconstitutional. See Sheppard & White, P.A. v. City of Jacksonville, 827 So.2d 925, 931 (Fla.2002) (fee of $50 per hour for services in capital appeal not unconstitutional).
The trial court identified two specific observations to support its conclusion that Appellant had “excessively litigated.” First, it observed that Appellant’s attorneys spent twice as much time deposing Appellees’ experts as did Appellees’ attorneys when they deposed Appellant’s witnesses. Even assuming that the additional time was unnecessary or abusive, Appel-lees never sought sanctions that would have been available to compensate them over and above the statutory fee. See, e.g., § 57.105(2), Fla. Stat. (2013) (when any action is taken during civil proceeding for purpose of delay, fees shall be awarded as damages); Fla. R. Civ. P. 1.280(c), 1.380(a)(4) (authorizing attorney’s fees as sanctions when seeking protective order against unduly burdensome or annoying discovery).
Second, the court observed that Appellant decided to use an expert witness regarding a new theory late in the litigation. The court identified this as its “primary reason” for concluding that Appellant engaged in “excessive litigation.” The trial court concluded that this decision caused a delay in the trial date and resulted in substantial efforts by Appellees’ attorneys to refute the theory. Apparently, the expert based his opinions on false factual assumptions, ultimately resulting in a successful effort by Appellees to have the testimony excluded before trial. Again, Appellees did not seek sanctions that might have been available. Nor did Ap-pellees avail themselves of the option of promulgating requests for admissions directed to the expert’s opinions, in which case it could have recovered additional fees for proving or disproving matters not admitted. See Fla. R. Civ. P. 1.380(c) (authorizing recovery of suit expenses, including attorney’s fees, for failure to admit matters in response to requests for admissions).
If, in fact, Appellant had engaged in “excessive litigation” tactics that required Appellees’ attorneys to spend additional time litigating this case, statutory and procedural mechanisms were in place to deal with that situation. Appellees’ attorneys did not avail themselves of those mechanisms. Instead, rather than targeting the specific purported misbehavior, quantifying the resulting expenses to Appellees and seeking additional fees for these purportedly abusive tactics, Appellees successfully convinced the trial court to scrap the entire fee formula as unconstitutional in *1157 favor of a fee based on reconstructed hours. This approach — and the resulting fee of $816,000 — was error.
Accordingly, we reverse the challenged judgment and remand this cause with instructions that the trial court enter judgment for $227,652.25. We certify to the Florida Supreme Court a question of great public importance, as follows:
IN AN EMINENT DOMAIN PROCEEDING, WHEN THE CONDEMNING AUTHORITY ENGAGES IN LITIGATION TACTICS CAUSING EXCESSIVE LITIGATION AND THE APPLICATION OF THE STATUTORY FEE FORMULA RESULTS IN A FEE THAT COMPENSATES THE LANDOWNER’S ATTORNEYS AT A LOWER-THAN-MARKET FEE, WHEN MEASURED BY THE TIME INVOLVED, IS THE STATUTORY FEE DEEMED UNCONSTITUTIONAL AS APPLIED, ENTITLING THE LANDOWNER TO PURSUE A FEE UNDER SECTION 73.092(2)?
REVERSED AND REMANDED; QUESTION CERTIFIED.
TORPY, C.J., GRIFFIN and EVANDER, JJ., concur.

. The legislature apparently reacted to the court’s concern by revising the statute in 1999 with the passage of section 73.015, Florida Statutes (2000). See Sarasota Cnty. v. Curry, 861 So.2d 1239, 1242 n. 3 (Fla. 2d DCA 2003) (noting that statutory revision resolved concerns regarding constitutionality of section 73.092).