765 So.2d 111 (2000)
AMOCO OIL COMPANY, Appellant,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. 1D99-2203.
District Court of Appeal of Florida, First District.
June 6, 2000.
Rehearing Denied August 31, 2000.
Alan E. Deserio and Paul D. Bain of Brigham Moore Gaylord Schuster Merlin & Tobin, LLP, Tampa, for Appellant.
*112 Pamela S. Leslie, General Counsel; Gregory G. Costas, Assistant General Counsel, Tallahassee, for Appellee.
PER CURIAM.
This appeal arises from an eminent domain proceeding in which the appellee, the Florida Department of Transportation (FDOT), acquired a portion of the property of Amoco Oil Company (Amoco) in Duval County. Amoco appeals the trial court's order denying Amoco's Motion to Tax Supplemental Attorney's Fees and Costs. We affirm that portion of the order denying further attorney's fees on the ground that the parties' Stipulated Final Judgment had already provided specifically for the attorney's fees incurred during the adjudication of Amoco's entitlement to recover costs. However, we write to explain our conclusion that the trial court erred in finding that the post-judgment costs hearing does not fall within the type of "other supplemental proceedings" contemplated in section 73.092(2), Florida Statutes (1997).
After several years of litigation, the matter of compensation for the property taken and damages was agreed upon by the parties. In their Stipulated Final Judgment, the parties set forth the agreed-upon compensation, calculated the "benefit achieved," and expressly agreed to the following:
Petitioner shall deposit into the Registry of the Court the additional sum of $108,794.00 representing $81,800.00 in benefit achieved and required in order to reach the mediated settlement amount of $100,000.00, and the sum of $26,994.00 as statutory benefit attorney's fee on the benefit achieved, which latter sum shall represent all fees, whether benefit achieved or non-monetary based, arising from this cause.
While specifically addressing attorney's fees, the judgment expressly reserved jurisdiction to award "costs." At the subsequent costs hearing, the parties agreed upon several of the items sought by Amoco, but FDOT disputed Amoco's entitlement to certain other costs relating to some expert witnesses and to miscellanea. After hearing testimony from both sides, the trial court entered an order awarding all but one of the disputed cost items. Amoco filed a Motion to Tax Supplemental Attorney's Fees and Costs, along with supporting cost affidavits and a summary of time spent by Amoco's counsel in pursuing the costs incurred in the eminent domain action. The lower tribunal denied Amoco's request for supplemental attorney's fees incurred with regard to the costs hearing.
We review de novo the question of law whether the Stipulated Final Judgment resolved the attorney's fees question. See Broward County v. LaPointe, 685 So.2d 889, 892 (Fla. 4th DCA 1996). We find that the plain, express language of the judgment, to which the parties agreed prior to submitting it to the trial court for approval, unambiguously set forth the sums constituting "all fees" arising from the case. Given this express reference to "fees," and the corollary reservation of jurisdiction to award "costs," we reject Amoco's argument that the reservation of the "costs" issue likewise reserved the issue of attorney's fees for later consideration. See id. at 892-93. On this basis, the trial court correctly denied Amoco's motion for additional attorney's fees arising from the post-judgment costs proceedings.
Another portion of the trial court's order includes the finding that the post-judgment costs hearing does not constitute one of those "other supplemental proceedings" contemplated in the applicable statute. Reviewing this question of law de novo, see id. at 892, we conclude that the trial court erred in its conclusion. See State of Florida Department of Transportation v. IRT Property Co., 6 Fla. L. Weekly Supp. 79 (Fla. 6th Jud. Cir. Sept. 11, 1998) (where FDOT elected to litigate defendant's motion to tax costs after entry of final judgment, attorney's fees and costs *113 incurred by defendant in connection with that litigation were incurred in § 73.092(2) "supplemental proceedings," and defendant was entitled to recover those fees and costs from FDOT).
Chapter 73, Florida Statutes, deals with eminent domain. The statute titled "Costs of the proceedings" states in pertinent part:
The petitioner shall pay attorney's fees as provided in s. 73.092 as well as all reasonable costs incurred in the defense of the proceedings in the circuit court, including, but not limited to, reasonable appraisal fees and, when business damages, are compensable, a reasonable accountant's fees, to be assessed by that court.
§ 73.091(1), Fla. Stat. (1997). In eminent domain proceedings, attorney's fees are awarded pursuant to the statute titled "Attorney's fees," which states initially:
Except as otherwise provided in this section, the court, in eminent domain proceedings, shall award attorney's fees based solely on the benefits achieved for the client.
§ 73.092(1), Fla. Stat. (1997). Statutory subsection (1)(a) defines the term "benefits," and the next subsection states:
The court may also consider nonmonetary benefits obtained for the client through the efforts of the attorney, to the extent such nonmonetary benefits are specifically identified by the court and can, within a reasonable degree of certainty, be quantified.
§ 73.092(1)(b), Fla. Stat. (1997). Subsection (1)(c) provides that "benefits achieved" attorney's fees are to be awarded according to a schedule of percentages. The next section of the statute provides:
In assessing attorney's fees incurred in defeating an order of taking, or for apportionment, or other supplemental proceedings, when not otherwise provided for, the court shall consider [various factors set forth in subsections (a) through (g)].
§ 73.092(2), Fla. Stat. (1997) (emphasis added). Thus, statutory subsection (2) provides additional bases for the assessment of attorney's fees. See State Department of Transportation v. LaBelle Phoenix Corp., 696 So.2d 947 (Fla. 2d DCA 1997). However, the legislature did not define what these "other supplemental proceedings" comprise, and the term is "open to some speculation." State Department of Transportation v. Smithbilt Industries, Inc., 715 So.2d 963, 967 (Fla. 2d DCA 1998) (proceeding to resolve claim for statutory business damages resulting from FDOT's taking of corporate landowner's property in eminent domain proceeding, which was tried after issue of taking was resolved and after all elements of constitutional compensation had been awarded, was "supplemental proceeding," warranting award of attorney's fees calculated with reference to nature and quality of legal services, rather than award calculated with reference only to benefits received, where FDOT never made written offer to settle claim and there was no successful offer of judgment). The Second District Court in Smithbilt Industries noted that "[i]n normal usage, a supplemental proceeding occurs at the end of a proceeding, usually after a final judgment has been entered." See § 56.29, Fla. Stat. (1997). Id.
In the case at bar, the trial court signed and approved the parties' Stipulated Final Judgment in November 1998. Some costs were disputed, and a costs hearing was held in February 1999, after which the court entered its order awarding a substantial portion of the amount requested in Amoco's Motion to Tax Costs. Although the costs hearing constituted a "supplemental proceeding," as contemplated in section 73.092(2), the trial court correctly found that the matter of attorney's fees already had been fully resolved pursuant to the parties' own agreement, so that Amoco's motion for additional fees was properly denied.
*114 Given the particular facts presented in this case, we AFFIRM the order denying Amoco's motion for further attorney's fees and costs. We disapprove the trial court's conclusion that a post-judgment costs hearing is not a "supplemental proceeding" pursuant to the eminent domain statutes.
ERVIN, VAN NORTWICK and BROWNING, JJ., CONCUR.