768 So.2d 1173 (2000)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Narendra M. PATEL, Appellee.
No. 2D99-2798.
District Court of Appeal of Florida, Second District.
September 15, 2000.
Pamela S. Leslie, General Counsel, and Marianne A. Trussell, Deputy General Counsel, Tallahassee, for Appellant.
Alan E. Deserio, Andrew G. Diaz, and Paul D. Bain of Brigham, Moore, Gaylord, Schuster, Merlin & Tobin, LLP, Tampa, for Appellee.
FULMER, Judge.
In this eminent domain case, the Department of Transportation (DOT) asserts two errors in the award of fees: (1) the trial court's award of additional attorneys' fees to the property owner's attorneys for obtaining a nonmonetary benefit; and (2) the award of expert witness fees for an accountant and an attorney who testified as to quantification of the benefits and the amount of fees to which the attorneys were entitled. With the exception of one portion of the attorneys' fee award that is not contested, we reverse because the balance of the attorneys' fees awarded should have been based on the defeat of a whole take *1174 pursuant to section 73.092(2), Florida Statutes (1997), instead of being based on obtaining a nonmonetary benefit pursuant to section 73.092(1)(b). We also reverse the award of expert witness fees because the time spent litigating the amount of attorneys' fees is not compensable in an eminent domain proceeding.
In May of 1998, DOT filed a petition in eminent domain to obtain 5,308 square feet from a piece of property owned by Narendra Patel. Mr. Patel lived on the subject property and operated a nine-unit motel. The taking encompassed five of the nine units, leaving four units on the remainder of the property. The trial court entered a Stipulated Order of Taking and Amended Stipulated Order of Taking on June 14 and 23, 1998, respectively.
A four-day jury trial commenced on February 1, 1999. On February 3, 1999, after DOT rested, DOT filed a Motion to Amend Pleadings to Conform to the Evidence and Motion for Whole Take. DOT took the position that, if the jury's determination of the value of the whole property was equal to or less than the "acquisition costs" of the partial taking, DOT would seek a whole take under section 337.27(2), Florida Statutes (1997).[1] Mr. Patel's attorneys objected to the motion. The trial court reserved ruling on the motion but directed the parties to prepare an interrogatory verdict form that included a valuation for the whole property as well as the valuations for the partial taking. The jury was excused for the day. The following morning, counsel for Mr. Patel presented a memorandum to the court opposing the motion filed by DOT. After a brief discussion, the trial court denied DOT's motion, but allowed the interrogatory verdict form to be used.
The jury returned a verdict as follows: $300,000 as the value of the whole; $95,000 as the value of the land taken, including improvements; $76,975 severance damages; and $77,980 business damages. The trial court entered a judgment in the total amount of $249,955. Thereafter, Mr. Patel's attorneys filed a motion to tax costs and attorneys' fees. Counsel for the parties stipulated to the attorneys' fee to be awarded to Mr. Patel's attorneys as determined by the percentage of the benefit achieved in accordance with section 73.092(1)(a). However, the parties disputed whether Mr. Patel's attorneys were entitled to an additional fee based on a nonmonetary benefit pursuant to section 73.092(1)(b). A hearing was held on that question.
At the hearing, Mr. Patel's attorneys argued that they were entitled to an additional fee, pursuant to section 73.092(1)(b), because they had obtained three nonmonetary benefits for Mr. Patel. Specifically, they contended they had: (1) "saved" the remainder from DOT's attempt to obtain the entire parcel and their fee for this benefit should be calculated based upon the value of the remainder; (2) "saved" the income generated by the remaining four units by defeating DOT's motion and a fee should be determined based upon "saved" income; and (3) achieved an extension of possession of the property by the property owner for two months beyond the time DOT sought to obtain possession and a fee should be calculated based on the income "saved." Mr. Patel's attorneys presented the testimony of an accountant and an attorney to support their claim of entitlement to an additional fee based on the nonmonetary benefits they obtained on behalf of Mr. Patel.
Following the hearing on the additional attorneys' fees, the trial court concluded that Mr. Patel had been put at risk by DOT's motion, and therefore, his attorneys were entitled to an additional fee based upon the nonmonetary benefit the attorneys achieved in defeating the motion. *1175 Relying on the testimony of Mr. Patel's experts, the trial court concluded that the nonmonetary benefits totaled $148,469 and, pursuant to section 73.092(1)(b), awarded his attorneys 33% of that amount as an additional fee, which totaled $48,995. The trial court also awarded fees for the expert witnesses who testified at the hearing, relying upon section 92.231, Florida Statutes (1997), and Stokus v. Phillips, 651 So.2d 1244 (Fla. 2d DCA 1995).
On appeal, DOT concedes that it did not object below to an award of attorneys' fees based on the benefit of extended possession and does not challenge the portion of the attorneys' fee awarded on that basis. We therefore affirm that portion of the award.
In response to Mr. Patel's attorneys' argument that they saved the remainder property by defeating a whole taking, DOT argues that saving the remainder does not constitute a nonmonetary benefit. We agree. Under the unique facts of this case, the most that can be said is that Mr. Patel's attorneys defeated a whole taking for which attorneys' fees may be awarded, pursuant to section 73.092(2). Accordingly, we reverse the trial court's award of attorneys' fees for obtaining nonmonetary benefits and remand to the trial court to consider an award of attorneys' fees pursuant to section 73.092(2).
We also reverse the award of expert witness fees. The expert witnesses were called to quantify the value of the claimed nonmonetary benefits, which value served as the basis for the calculation of attorneys' fees. In an eminent domain proceeding, "[t]ime spent litigating a fee amount is not compensable since the condemnee has no interest in the amount of the fee, the benefit of which inures solely to its attorney." Department of Transp. v. Robbins & Robbins, Inc., 700 So.2d 782, 785 (Fla. 5th DCA 1997).
Reversed in part, affirmed in part, and remanded for further proceedings consistent with this opinion.
CAMPBELL, A.C.J., and STRINGER, J., Concur.
NOTES
[1] We note that section 337.27(2) was repealed, effective January 1, 2000. See Ch. 99-385, § 64, Laws of Fla.