KELLY, Judge.
In this eminent domain proceeding, the landowner, Enterprising Professional Investment Corporation (EPIC), appeals an order denying its motion for an award of attorney’s fees under section 73.092(2), *1015 Florida Statutes (2001). The motion sought to recover fees EPIC had incurred during posttrial proceedings to recover the cost of its experts under section 73.091(1), Florida Statutes (2001). We conclude that those posttrial proceedings are supplemental proceedings under section 73.092(2) and that EPIC is entitled to recover the attorney’s fees it incurred in those proceedings.
After entry of the final judgment, EPIC moved to tax its attorney’s fees and costs under section 73.091(1). Among other things, EPIC sought to recover fees for its experts. The Department of Transportation (the Department) disputed the amount of fees EPIC sought for its experts and engaged EPIC in several adversarial proceedings related to those fees. At the conclusion of these proceedings, EPIC filed a second motion for attorney’s fees seeking to recover the fees it had incurred in the proceedings to recover the experts’ fees. EPIC argued that the award of fees was proper because these were supplementary proceedings under section 73.092(2). The trial court denied EPIC’s motion.
In State, Department of Transportation v. Smithbilt Industries, Inc., 715 So.2d 963, 967 (Fla. 2d DCA 1998), this court recognized that section 73.092(2) contains no definition of'“other supplemental proceedings,” but noted that “in normal usage, a supplemental proceeding occurs at the end of the proceeding, usually after final judgment has been entered.” In Amoco Oil Co. v. State, Department of Transportation, 765 So.2d 111 (Fla. 1st DCA 2000), the court agreed with that reasoning and held that postjudgment hearings on the issue of costs in eminent domain actions were supplemental proceedings that could form the basis for assessment of attorney’s fees. In light of these precedents, we conclude that the trial court erred when it denied EPIC’s motion for attorney’s fees. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
WHATLEY and STRINGER, JJ„ concur.