878 So.2d 1286 (2004)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
NASSAU PARTNERS, LTD., Appellee.
No. 1D03-2506.
District Court of Appeal of Florida, First District.
August 10, 2004.
Pamela S. Leslie, General Counsel, and Gregory G. Costas, Assistant General Counsel, Department of Transportation, Tallahassee, for Appellant.
William S. Graessle of William S. Graessle & Associates, P.A., Jacksonville, for Appellee.

ON MOTION FOR REHEARING [Original opinion at 29 Fla. L. Weekly D1330]
ERVIN, J.
We withdraw our previous opinion issued June 3, 2004, and substitute the following. Appellant, the Department of Transportation (DOT), appeals from two orders awarding fees and costs to the landowner, *1287 appellee Nassau Partners, Ltd., in an eminent domain proceeding. We affirm the first two issues relating to Nassau's entitlement to fees and costs, but reverse and remand the order granting its motion to tax reasonable costs as to parcels 209/805, with directions to the lower court to make explicit findings justifying the awards therein entered, as required by section 73.091(5), Florida Statutes (2001).
Following the entry of a stipulated final judgment, the landowner filed two motions, one to tax the reasonable costs of expert witnesses in defense of the proceeding as to parcels 209/805, and one to tax supplemental costs and attorney fees associated with the expenses of the hearing pertaining to the prior motion. One hearing was held as to both motions. In regard to the second motion, DOT disputed its responsibility to pay attorney fees and expert witness fees incurred in litigating the motion for costs, on the ground that the owner had no contractual obligation to pay its experts for their efforts, because section 73.091 required the condemning authority to pay, and thus the owner had no legal interest in the amount of fees. See, e.g., Dep't of Transp. v. Robbins & Robbins, Inc., 700 So.2d 782 (Fla. 5th DCA 1997) (holding that DOT was not obligated to bear the costs involved in proving the amount of attorney's fee, because the condemnee has no interest in the amount of the fee, which inures solely to the attorney). We disagree.
Initially, we observe that the issue of an owner's entitlement to fees in an eminent domain proceeding is reviewed by a de novo standard. See Univ. of Fla., Bd. of Trustees v. Sanal, 837 So.2d 512 (Fla. 1st DCA 2003); Thomas v. Perkins, 723 So.2d 293 (Fla. 3d DCA 1998). Attorney's fees incurred in litigating entitlement to recover costs are authorized by section 73.092(2),[1] because a post-judgment costs hearing is included within "other supplemental proceedings" contemplated by that provision. Amoco Oil Co. v. Dep't of Transp., 765 So.2d 111 (Fla. 1st DCA 2000). Although we agree with DOT that the language in Amoco relating to the consideration of such claims at a supplemental hearing was not essential to the holding in the case and was consequently dictum, we find nothing in the court's interpretation at variance with the statutory provisions. We also note that the Second District has expressly followed Amoco in Enterprising Professional Investment Corp. v. Department of Transportation, 29 Fla. L. Weekly D555 (Fla. 2d DCA Mar.5, 2004) (holding that a post-trial proceeding to recover attorney's fees and costs under section 73.091(1) is a "supplemental proceeding" under section 73.092(2)). Moreover, it is clear from the transcript of the hearing that DOT was in fact disputing the owners' entitlement to the expert witness fees here at issue, rather than the amounts. Accordingly, these expenses were recoverable as costs. See Seminole County v. Chandrinos, 816 So.2d 1241 (Fla. 5th DCA 2002); Dep't of Transp. v. Patel, 768 So.2d 1173 (Fla. 2d DCA 2000).
We do agree with DOT that the lower court erred by failing to make the findings required by section 73.091(5), when it entered the order granting the motion to tax reasonable costs as to parcels 209/805. Section 73.091(5) specifically states: "The court shall make specific findings that justify each sum awarded as an expert witness fee." (Emphasis added.) *1288 What "specific findings" means is an issue of first impression.
In the above order, the court listed only the total amount awarded each expert. In contrast, in the Order Taxing Supplemental Attorney's Fees And Costs, the court listed the hours, rate, and total fee owed to each expert. DOT does not challenge the sufficiency of the findings in the latter order, and it appears from subsections (2), (3), and (4) of section 73.091 that these are the findings necessary for an award of expert witness fees. The case must therefore be remanded as to the awards entered in the order granting expert witness fees as reasonable costs as to parcels 209/805 for the purpose of reciting the findings required by the statute. The orders are otherwise affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED.
WOLF, C.J., and VAN NORTWICK, J., CONCUR.
NOTES
[1] Subsection (2) provides that "[i]n assessing attorney's fees incurred in defeating an order of taking ... or other supplemental proceedings, when not otherwise provided for, the court shall consider" certain enumerated factors.