PALMER, J.
Florida’s Department of Transportation (DOT) appeals the final order entered by the trial court awarding landowners, William and Isabelle Lockhart, the attorney’s fees which were incurred in litigating the amount of expert fees owed by the State in an eminent domain proceeding. Concluding that the award of attorney’s fees was proper, we affirm.
DOT filed a petition against the Lock-harts asserting a claim of eminent domain over two parcels of their property. DOT estimated the properties’ value to be $70,900. The Lockharts contested the estimate and the issue of compensation proceeded to trial. The jury returned a verdict in favor of the Lockharts for more than $440,000.
A stipulated final judgment which set forth the damage amount, the calculation of interest, and an attorney’s fee award was executed by the parties. The stipulation authorized the trial court to reserve jurisdiction to tax costs and reasonable experts’ fees, and to “determine the amount of any additional attorney’s fees that might be owed by DOT.”
The Lockharts filed a supplemental motion to tax costs and experts’ fees, and the trial court conducted an evidentiary hearing on the motion.. Subsequently, the Lockharts filed a second motion seeking an award of attorney’s fees for the time expended “in connection with” the supplemental cost proceedings. At the hearing on the attorney’s fee issue, DOT argued that no attorney fee award was warranted because the Lockharts had not actually paid any expert witness fees and were not contractually liable to pay any such fees. To support this claim, DOT cited to the fact that the experts testified at trial that they would accept whatever fees were awarded by the court. DOT essentially argued that since the Lockharts’ attorneys had appeared at the supplemental proceedings on behalf of the experts, not the Lock-harts, statutory attorney’s fees were not chargeable to the State.
The trial court rejected this argument and entered an order granting the Lock-harts’ request for attorney’s fees.
DOT appeals, arguing that the trial court reversibly erred in awarding the Lockharts’ attorney his fees which were incurred as a result of his efforts in obtaining court-ordered expert witness fees. We disagree.
Chapter 73 of the Florida Statutes pertains to eminent domain proceedings. Section 73.091(1) of the Florida Statutes authorizes Florida’s courts to direct DOT to pay reasonable attorney’s fees and costs incurred by the property owner in defense of the proceeding. Section 73.092(2) speaks solely to the issue of attorney’s fees, expressly authorizing the award of such fees incurred in “supplemental proceedings.” Post-judgment cost proceedings constitute “supplemental proceedings” under this statute. See Enterprising Pro *592 fessional Inv. Corp. v. Dep’t of Transp., 882 So.2d 1014 (Fla. 2d DCA 2004).
In seeking a reversal in this ease, DOT argues that, “[a]bsent an agreement subjecting the Lockharts to liability for the payment of their expert witness fees, the attorney’s fees incurred [by Lockharts’ counsel] in recovering the experts’ fees are not chargeable to DOT” because counsel’s efforts “inured to the benefit of the experts, not to the benefit of the Lockharts.” This same argument was expressly reviewed and rejected by the First District in Department of Transportation v. Nassau Partners, Ltd., 878 So.2d 1286 (Fla. 1st DCA 2004).
In that case, DOT sought review of the trial court’s award of supplemental fees incurred by the landowner’s counsel in his efforts to establish an entitlement to an expert witness fee award. The opinion sets forth the underlying facts as follows:
Following the entry of a stipulated final judgment, the landowner filed two motions, one to tax the reasonable costs of expert witnesses in defense of the proceeding as to parcels 209/805, and one to tax supplemental costs and attorney fees associated with the expenses of the hearing pertaining to the prior motion. One hearing was held as to both motions. In regard to the second motion, DOT disputed its responsibility to pay attorney fees and expert witness fees incurred in litigating the motion for costs, on the ground that the owner had no contractual obligation to pay its experts for their efforts, because section 73.091 required the condemning authority to pay, and thus the owner had no legal interest in the amount of fees.
Id. at 1287. The First District rejected DOT’s argument that it was not statutorily responsible to pay attorney’s fees incurred in litigating the motion for costs because the landowner had no contractual obligation to pay its experts for their efforts, reasoning:
Attorney’s fees incurred in litigating entitlement to recover costs are authorized by section 73.092(2), [footnote omitted] because a post-judgment costs hearing is included within “other supplemental proceedings” contemplated by that provision. Amoco Oil Co. v. Dep’t of Transp., 765 So.2d 111 (Fla. 1st DCA 2000). Although we agree with DOT that the language in Amoco relating to the consideration of such claims at a supplemental hearing was not essential to the holding in the case and was consequently dictum, we find nothing in the court’s interpretation at variance with the statutory provisions. We also note that the Second District has expressly followed Amoco in Enterprising Professional Investment Corp. v. Dep’t of Transportation, 882 So.2d 1014 (Fla. 2d DCA 2004) (holding that a post-trial proceeding to recover attorney’s fees and costs under section 73.091(1) is a “supplemental proceeding” under section 73.092(2)). Moreover, it is clear from the transcript of the hearing that DOT was in fact disputing the owners’ entitlement to the expert witness fees here at issue, rather than the amounts. Accordingly, these expenses were recoverable as costs. See Seminole County v. Chandrinos, 816 So.2d 1241 (Fla. 5th DCA 2002); Dep’t of Transp. v. Patel, 768 So.2d 1173 (Fla. 2d DCA 2000).
Id. We agree with this reasoning and affirm the trial court’s order accordingly.
In closing, we note that DOT’s reliance on this court’s decision in Seminole County v. Chandrinos, 816 So.2d 1241 (Fla. 5th DCA 2002) is misplaced. The relevant issue in that case was whether DOT was responsible to pay for the time of expert witnesses who testified at a hearing regarding the recovery of expert witness *593 fees. The case did not involve the award of attorney’s fees incurred in litigating the entitlement to expert fees and, accordingly, the decision is inapplicable to the issues in this case.
AFFIRMED.
GRIFFIN and TORPY, JJ„ concur.