PER CURIAM.
We affirm the summary denial of appellant’s petition for writ of habeas corpus. Habeas corpus may not be used as a substitute for a Rule 3.850 motion. Fla. R.Crim. P. 3.850(1); Baker v. State, 878 So.2d 1286,1241 (Fla.2004). A postconviction motion would be untimely and successive in this case. Fla. R.Crim. P. 3.850(b), (f).
Appellant’s claims that the information charging burglary of a dwelling was defective, and that the court lacked subject matter jurisdiction, are frivolous. Appellant appears to contend that, because the information specified that he entered or remained in the dwelling with intent to commit theft, he was therefore charged with two offenses in one count, and the jury’s verdict may not be unanimous.
The information charging burglary was not defective in specifying the nature of the offense that appellant intended to commit. If anything, specifying the nature of the intent, which is not required, increased the State’s burden of proof. See State v. Waters, 436 So.2d 66, 68-69 (Fla.1983). Appellant was charged, and the jury was required to find, that appellant entered or remained in a dwelling with the intent to commit an offense therein. No reasonable possibility exists that the jury’s verdict was not unanimous as to the elements of burglary.
Appellant is cautioned that the filing of frivolous postconviction challenges or appeals may result in the sanction of this court no longer accepting his pro se filings *864 or referral to prison officials for disciplinary proceedings which may include forfeiture of gain-time. See State v. Spencer, 751 So.2d 47 (Fla.1999); §§ 944.279(1), 944.28(2)(a), Fla. Stat. (2012); Fla. R.Crim. P. 3.850(m).

Affirmed. Appellant cautioned against frivolous filing.

WARNER, DAMOORGIAN and LEVINE, JJ., concur.