IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TRAVIS MCKINNEY,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

   Petitioner,

v.          CASE NO. 1D14-5904

STATE OF FLORIDA,

   Respondent.

_____/

Opinion filed March 9, 2015.

Petition for Writ of Habeas Corpus -- Original Jurisdiction.

Travis McKinney, pro se, Petitioner.

Pamela Jo Bondi, Attorney General, Tallahassee, for Respondent.

PER CURIAM.

   Travis McKinney filed this petition for writ of habeas corpus to challenge 2008 judgments and sentences in Wakulla County Circuit Court case number 02–0012CF. The petition is dismissed. See Baker v. State, 878 So. 2d 1236 (Fla. 2004) (reiterating

that habeas corpus cannot be used to litigate issues that could have been or were raised on direct appeal or in postconviction motions).

McKinney has filed multiple cases in this court challenging the 2008 Wakulla County judgments and sentences. In 2014, McKinney filed three petitions seeking habeas corpus relief, all of which were dismissed. This court issued a warning in McKinney v. Crews, 141 So. 3d 1249 (Fla. 1st DCA 2014), that any further successive or unauthorized pleadings concerning Wakulla County case number 02–0012CF may result in the imposition of sanctions, including but not limited to, a bar on further pro se appearances before this court. Despite that warning, McKinney filed the petition for writ of habeas corpus in this case in December 2014. This petition presents similar arguments that McKinney made in a petition for writ of habeas corpus filed in the circuit court in October 2014. The circuit court denied that petition and McKinney has taken an appeal of the circuit court's order in case number 1D15-0223.

This court issued an order directing McKinney to show cause why sanctions should not be imposed against him, including a prohibition against any future pro se filings and a referral to the appropriate institution for disciplinary procedures as provided in section 944.279, Florida Statutes. See Fla. R. App. P. 9.410; State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999) (requiring that courts "first provide notice and an opportunity to respond before preventing [a] litigant from bringing further attacks

on his or her conviction and sentence."). McKinney's response to the show cause order does not provide a legal basis to prohibit the imposition of sanctions.

As such, because McKinney's continued and repeated attacks on his convictions and sentences have become an abuse of the legal process, we hold that he is barred from future pro se filings in this court concerning Wakulla County case number 02–0012CF. The Clerk of the Court is directed not to accept any future filings concerning this case unless they are filed by a member in good standing of The Florida Bar. In addition, we direct the clerk to forward a certified copy of this opinion to McKinney's correctional institution for consideration of administrative disciplinary proceedings pursuant to section 944.279(1), and the rules of the Department of Corrections.

LEWIS, C.J., WOLF and ROBERTS, JJ., CONCUR.