711 So.2d 228 (1998)
Robert HARTLEB, Appellant,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, et al., Appellees.
No. 97-1892.
District Court of Appeal of Florida, Fourth District.
May 27, 1998.
*229 Douglas R. Bell of Law Office of Bell & Bell, Fort Lauderdale, for appellant.
Pamela S. Leslie, Deputy Counsel, and Marianne A. Trussell, Deputy General Counsel, Tallahassee, for Appellee-State of Florida, Department of Transportation.
STONE, Chief Judge.
We affirm an order taxing attorney's fees and costs. The award is within the trial court's discretion and should not be disturbed on appeal absent a clear abuse of that discretion. B & H Constr. & Supply Co. v. District Bd. of Trustees of Tallahassee Community College, 542 So.2d 382, 388 (Fla. 1st DCA 1989).
The trial court made specific findings to support the award regarding the number of hours reasonably expended and the reasonable hourly rate for this litigation and multiplied these numbers in arriving at the fee award. Such findings are sufficient in the absence of an adjustment to the "lodestar," which the trial court implicitly concluded was not justified. See generally Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), modified, Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990).
Appellant claims that the court erred by failing to apportion the attorney's fee award among each stage of the proceeding, including pre-trial and trial proceedings, the first appeal in this case, and this appeal. We find that such apportionment is not required, and to the extent that Altamonte Hitch and Trailer Service, Inc. v. U-Haul Co. of Eastern Florida, 483 So.2d 852 (Fla. 5th DCA 1986) may be interpreted as requiring such apportionment, we certify conflict.
We also find no error in the trial court's refusal to grant interest on the attorney's fee award from the date the entitlement to fees was first determined. In Department of Transportation v. Brouwer's Flowers, Inc., 600 So.2d 1260 (Fla. 2d DCA 1992), the court held that there is "no statutory authority for entitlement to interest on attorney's fees in eminent domain cases before the trial court's determination of the amount of attorney's fees." Id. at 1261. Cases cited by Appellant are distinguishable in that they do not involve eminent domain proceedings. See Fischbach & Moore, Inc. v. McBro, Div. of McCarthy Bros. Co., 619 So.2d 324 (Fla. 3d DCA 1993) (noting the *230 holding in Brouwer's but limiting this holding exclusively to eminent domain proceedings).
As to all other issues, we also affirm.
FARMER and GROSS, JJ., concur.