788 So.2d 276 (2000)
AMERADA HESS CORPORATION, Appellant,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. 4D99-3095.
District Court of Appeal of Florida, Fourth District.
November 1, 2000.
Rehearing Denied December 19, 2000.
Darrell Payne of Shook, Hardy & Bacon, L.L.P., formerly of Coll Davidson Smith Salter & Barkett, P.A., Miami, for appellant.
Pamela S. Leslie, General Counsel, and Marianne A. Trussell, Deputy General Counsel, Tallahassee, for appellee.
*277 OFTEDAL, RICHARD, Associate Judge.
Amerada Hess Corporation ("Hess") timely appeals a final order award of $9,801 in attorney's fees. We affirm the award of attorney's fees as well as the trial court's denial of Hess's motion to strike the Department of Transportation's (DOT) written settlement offer.
This case arises out of an eminent domain proceeding in which DOT acquired a temporary construction easement (the "TCE") to facilitate improvements for the 17th Street Causeway bridge in Fort Lauderdale on a parcel of land owned by Hess and operated as a service station and car wash. On March 1, 1996, DOT offered to compensate Hess for the value of the property covered by the TCE in the amount of $112,300. Hess hired counsel and filed a motion seeking statutory attorney's fees for both monetary and nonmonetary benefits. More than two years later, Hess accepted DOT's revised settlement offer for payment of the TCE in the amount of $142,000. Attorney's fees were to be decided by the trial court.
In May and July of 1999, the trial court held two days of evidentiary hearings on Hess's motion for attorney's fees. Hess presented argument and evidence that, through the labor of its attorneys, it had successfully caused DOT to significantly alter its original construction plans, resulting in a substantial reduction in Hess's costs to cure, a lesser impact upon Hess's property, and an entitlement to greater compensation.[1] DOT acknowledged the changes, but denied that any of them were as a consequence of the efforts of Hess's attorneys. Rather, DOT presented evidence that all of the items would have been implemented in any event with or without Hess's intervention.
Following the evidentiary hearings, the court, on August 5, 1999, entered an amended order awarding Hess $9,801 as statutory attorney's fees. The court denied Hess's motion for attorney's fees based on nonmonetary benefits as well as its motion to strike DOT's settlement offer. This appeal followed.
By law, attorney's fees in eminent domain cases are to be awarded solely on the basis of the benefits achieved for the client by the attorney. See § 73.092(1), Fla. Stat. Monetary benefits are defined as "the difference, exclusive of interest, between the final judgment or settlement and the last written offer made by the condemning authority before the defendant hires an attorney." § 73.092(1)(a), Fla. Stat. Through application of this provision, the trial judge determined Hess's attorney's fees based upon the statutory percentage (33%) of the difference between DOT's settlement offer and the $142,000 ultimately paid to Hess for full compensation of the TCE.
The trial court's award of attorney's fees will not be disturbed absent a clear abuse of discretion. See Hartleb v. State, Dep't of Transp., 711 So.2d 228 (Fla. 4th DCA 1998), on appeal after remand, rev. dismissed, 748 So.2d 985 (Fla.1999)(hereinafter referred to as Hartleb II). Both sides submitted conflicting evidence on the issue of nonmonetary benefits. Nonmonetary benefits may only be awarded by the court "to the extent such nonmonetary benefits are specifically identified by the court and can, within a reasonable degree of certainty, be quantified." *278 § 73.092(1)(b), Fla. Stat. It is apparent, based upon the trial judge's reliance on State, Department of Transportation v. Skidmore, 720 So.2d 1125 (Fla. 4th DCA 1998), that the court found that the changes in the plans were unrelated to any efforts of Hess's attorneys but would have been made in any event as part of DOT's normal business practice. See id. at 1129. DOT presented expert testimony that the changes would have to have been made because the project could not have been completed in accordance with the original plans. Because the trial court's decision denying Hess nonmonetary benefits is supported by competent, substantial evidence, we affirm denial of any additional attorney's fees.
The last issue relates to the decision of the trial court to deny Hess's motion to strike DOT's $142,000 settlement offer. Relying on Hartleb v. State, Department of Transportation, 677 So.2d 336 (Fla. 4th DCA 1996)(hereinafter referred to as Hartleb I), Hess claims that because DOT made significant changes to its plans, it cannot rely upon a settlement offer based upon the original plans for the purpose of calculating a statutory award of attorney's fees. In Hartleb I, this court did indeed reverse the trial court's denial of attorney's fees, in part because the DOT had substantially changed the plans immediately prior to trial and the landowner was not able to properly evaluate the original offer. DOT's offer of judgment was stricken and the case was remanded to the trial court for the purpose of awarding attorney's fees.
Hartleb I and this case are similar to the extent that in both instances there were substantial changes made to the construction plans between the time of the initial offer and final judgment. In addition, in each case, the new changes resulted in a lower cost to cure. However, in Hartleb I, the landowner actually received a lower award because of the changes. Hess, on the other hand, arguably received a windfall since it was compensated on the basis of a higher cost to cure than necessary to complete the project. Hartleb I is, therefore, factually distinguishable and does not require striking of DOT's offer of settlement.
AFFIRMED.
WARNER, C.J. and STEVENSON, J., concur.
NOTES
[1] Those changes included (1) adjusting the grade and slope of the driveways; (2) reduction in the actual construction area; (3) having DOT assume responsibility for reconstructing and reconnecting slot/trench drains within the TCE; and (4) an agreement by DOT to reduce the size of the median on 23rd Avenue.