801 So.2d 252 (2001)
Craig G. BLACK and Lucille P. Black, Appellants,
v.
BEDFORD AT LAKE CATHERINE HOMEOWNERS ASSOCIATION, INC., John B. Kern, Gus Constantine, Dale Peterson and Larry J. Bailey, Appellees.
No. 4D01-1127.
District Court of Appeal of Florida, Fourth District.
December 12, 2001.
*253 John M. Jorgensen and Kevin M. Wager of Scott, Harris, Bryan, Barra & Jorgensen, Palm Beach Gardens, for appellants.
Susan Kent, West Palm Beach, for appellees.
TAYLOR, J.
Homeowners Craig and Lucille Black (appellants) appeal a final order denying their motion for attorney's fees in their action against the Bedford at Lake Catherine Homeowners Association (Association). We reverse because the trial court erred in denying contractually mandated attorney's fees to appellants as the prevailing party.
Appellants own a home in Bedford at Lake Catherine. This action began as a dispute between appellants and the Association concerning appellants' property line and a three-foot easement provided for in the Declaration of Covenants and Restrictions for Bedford at Lake Catherine (Declaration). Appellants filed a total of six counts against the Association. Of the six counts, four were brought under the Declaration, which provides for an award of reasonable attorney's fees to the prevailing party. The court granted summary judgment in favor of appellants on three of these counts. The fourth count was never fully adjudicated due to a stipulation by the Association rendering that count moot.
Appellants presented evidence of their fees and costs, including expert evidence of reasonableness. There was no dispute as to the reasonableness of the hourly rate or the clients' payment of said fees. Yet, after awarding costs to appellants, the trial court denied their motion for fees. Appellants argue that the trial court abused its discretion in denying them contractually based attorney's fees because they were the prevailing party on all four counts. The Association disputes that appellants were the prevailing party on any of the counts. They also contend that appellants failed to plead and prove entitlement to such fees.
As stated above, four counts of the Second Consolidated Complaint arose out of a violation of the Declaration. Article XV of the Declaration, entitled "Enforcement of Declaration," states in pertinent part:
The enforcement of this Declaration may be by proceeding at law for damages or in equity to compel compliance with its terms or to prevent violation or breach of any of the covenants or terms herein.... Should the party seeking enforcement be the prevailing party in any action, then the person against whom enforcement has been sought shall pay all costs and reasonable attorney's fees at all trial and appellate levels to the prevailing party.
The standard of review for an award of attorney's fees is abuse of discretion. Hartleb v. Dep't of Transp., 711 So.2d 228 (Fla. 4th DCA 1998). We have held that "[w]here a contract provides attorney's fees for the prevailing party, the trial judge is without discretion to decline to enforce the provision." Hutchinson v. Hutchinson, 687 So.2d 912, 913 (Fla. 4th DCA 1997); see also Rose v. Rose, 615 So.2d 203, 204 (Fla. 4th DCA 1993). The *254 test used by this court to determine the prevailing party is "whether the party succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Munao, Munao, Munao and Munao v. Homeowners Ass'n of La Buona Vita Mobile Home Park, Inc., 740 So.2d 73, 78 (Fla. 4th DCA 1999)(internal citations omitted).
The record and the rulings below reflect that appellants were the prevailing party on each of the four counts:
 In Count I appellants sought to enjoin the Association from modifying their rights and obligations under a certain easement on their property.[1] The court granted summary judgment for appellants on this issue. Although no injunction was actually issued, the effect of the ruling was to stop the Association from modifying appellants' property lines.
 In Counts IV and V, appellants sought declaratory and injunctive relief to stop the Association from assessing attorney's fees against them without notice and a hearing. The court granted partial summary judgment on these counts. Although no injunction was issued, the attorney's fees assessment was cancelled because of the order.
 In Count VI appellants sought declaratory relief as to whether they were required to obtain permission before removing a palm tree from their property. The court dismissed this count after the Association stipulated that it would no longer require appellants to replace the tree. Later, the trial court ruled that the dismissal based on the Association's voluntary stipulation resulted in appellants being the prevailing party for purposes of assessing attorney's fees under 51 Island Way Condo. Ass'n v. Williams, 458 So.2d 364 (Fla. 2d DCA 1984). This determination was reinforced at a later hearing.
In sum, appellants prevailed on all four of the counts brought under the Declaration. The parties' dispute centered around the Association's efforts to revise the property lines, prevent appellants' removal of a palm tree, and assess attorney's fees against appellants in their quarterly dues statement. Although the trial court did not issue injunctions or declaratory judgments regarding these counts, the summary judgment orders had the effect of granting the relief sought by appellants. Appellants thus succeeded on the significant issues in this property rights litigation and achieved the benefits they sought in bringing the suit against the Association.
Because appellants prevailed on every adjudicated issue in this litigation, they are the prevailing party for determining entitlement to attorney's fees pursuant to the Declaration. We note that the trial court found that appellants prevailed sufficiently to recover costs. Consequently, it was an abuse of discretion for the trial court to deny appellants' motion for fees under the fee provision. See In re Gurney, 543 So.2d 846 (Fla. 4th DCA 1989)(holding that because the court clearly found entitlement to legal fees and costs in a previous hearing, it was error for the court to deny those costs in a subsequent order).
The Association asserts that appellants did not sufficiently plead a basis for attorney's fees in the four counts upon which they prevailed. To the contrary, appellants included a request for attorney's fees in the complaint and second consolidated complaint and based their demand for fees *255 on Article XV of the Declaration. Article XV was attached to both complaints. From the very outset of this case, the Association was put on notice that appellants were seeking fees pursuant to the Declaration. Additionally, we find the Association's argument that appellants were required to plead a statutory basis for attorney's fees to be contrary to existing law. See Tucker v. Ohren, 739 So.2d 684, 685 (Fla. 4th DCA 1999)(holding that "the requesting party must plead the statutory or contractual basis on which the party seeks attorney's fees").
We also reject the Association's argument that appellants failed to demonstrate entitlement to fees because they did not introduce the Declaration into evidence during the attorney's fees hearing. Appellants filed a copy of the Declaration when they first brought the lawsuit and pled Article XV of the Declaration throughout the litigation as a basis for attorney's fees. The pre-trial stipulation between the parties provided that appellants' lot and other lots at Bedford at Lake Catherine were subject to the Declaration. Moreover, the trial court relied on the Declaration in finding that appellants were the prevailing parties and entitled to fees under Count VI of their Second Consolidated Complaint. As there was no dispute concerning the validity of the Declaration, we find no merit to the Association's argument on this point.
For the reasons stated above, we reverse the order denying reasonable attorney's fees to appellants and remand for further proceedings.
REVERSED and REMANDED for proceedings consistent with this opinion.
DELL and GUNTHER, JJ., concur.
NOTES
[1] The Association attempted to have the property lines revised to correct a discrepancy between the developer's representations to homebuyers and the legal property lines between neighboring yards.