836 So.2d 1109 (2003)
William BATEMAN & Estate of Steven J. Slaughter, Appellants,
v.
SERVICE INSURANCE COMPANY, Appellee.
No. 3D02-1924.
District Court of Appeal of Florida, Third District.
February 12, 2003.
*1110 Joseph J. Vetrick, Key Largo, for appellants.
Vernis & Bowling and James R. (Jack) Bridges, Islamorada, and Leonard T. Hackett, for appellee.
Before LEVY, GREEN, and RAMIREZ, JJ.
LEVY, Judge.
The Estate of Stephen J. Slaughter appeals from a trial court Order granting Service Insurance Company's Motion to Disburse Attorney's Fees. We reverse.
The instant case arises out of a disagreement between William Bateman and the Estate of Stephen J. Slaughter involving who should receive the proceeds of fire insurance benefits on a policy issued by Service Insurance Company. On February 14, 2001, the parties entered into a Stipulation Dismissing Interpleader Plaintiff and Awarding Interpleader Plaintiff Attorney's Fees Payable out of Interpled Funds. According to the Stipulation, Service Insurance was dismissed from the case and required to tender the interpled funds into the court registry. The Stipulation also noted that Service Insurance would be awarded attorney's fees, from the interpled funds, incurred to date of the Stipulation. The trial court entered an order granting the Stipulation on February 26, 2001.
On April 2, 2001, Service Insurance filed a Motion to Disburse Attorney's Fees, which stated that the amount of attorney's fees due to Service was $15,445.32 and attached a certification of counsel. On April 5, 2001, Bateman, who is not a party to this appeal, filed a Motion in Opposition to Plaintiff's Motion to Disburse Attorney's Fees, contending that the amount of fees requested by Service was "exorbitant and entirely unreasonable," and that no documentation was provided to justify the expenses. On April 25, 2001, Service attached itemized bills for the legal expenses *1111 to a Motion for an Emergency Hearing or in the Alternative Plaintiff's Motion Requesting that the Interpled Funds Not be Disbursed. On May 8, 2001, the trial court granted the April 25, 2001 Motion, ordering (1) that Bateman and Slaughter's Estate were entitled to an evidentiary hearing on the matter of attorney's fees, and (2) that none of the interpled funds could be disbursed until further order of the court.
On June 6, 2002, following the trial to adjudicate the dispute between Bateman and Slaughter's estate, the trial court conducted a non-evidentiary hearing on Service Insurance's Motion to Disburse Attorney's Fees. On June 10, 2002, Slaughter's Estate filed an Opposition to Proposed Order, contending that it objected to the determination of the amount of the attorney's fees without an evidentiary hearing. On June 12, 2002, the trial court entered an order granting Service Insurance's Motion to Disburse Attorney's Fees and awarded $13,056.50 to Service Insurance. This appeal follows.
As a preliminary matter, despite the fact that there is no transcript of the June 6, 2002 hearing, it is undisputed that Slaughter's Estate filed its Opposition to Proposed Order prior to the trial court's entry of its June 12, 2002 Order which granted Service Insurance's Motion to Disburse Attorney's Fees. Thus, Slaughter's Estate's objection was preserved for appeal.
We conclude that the trial court abused its discretion in disbursing attorney's fees to Service Insurance without first conducting an evidentiary hearing. The standard of review for an award of attorney's fees is abuse of discretion. See Black v. Bedford at Lake Catherine Homeowners Ass'n, Inc., 801 So.2d 252, 253 (Fla. 4th DCA 2001) (citations omitted). Prior to awarding attorney's fees for services already rendered and for costs already incurred, a trial court must hold an evidentiary hearing to determine the reasonableness and necessity of the fees and costs awarded. See Martin v. Martin, 561 So.2d 1266 (Fla. 3d DCA 1990). Moreover, when the record contains some competent substantial evidence supporting the fee order, but fails to include evidentiary support such as testimony from the attorney performing the services, the appellate court will reverse and remand for additional findings or an additional hearing. See Rodriguez v. Campbell, 720 So.2d 266, 268 (Fla. 4th DCA 1998). Given that the trial court failed to conduct an evidentiary hearing, especially after entering an order which stated that the parties were entitled to said hearing, the Record clearly lacks evidentiary support for the fees disbursed by the trial court. Moreover, contrary to the trial court's June 12, 2002 order, the Parties' Stipulation and the Order Granting Parties' Stipulation do not state that Service Insurance is entitled to an amount of attorney's fees without any requirement to prove the propriety of the amounts claimed. Accordingly, we reverse and remand to the trial court for an evidentiary hearing on the issue of attorney's fees.
Reversed and remanded.