MAY, C.J.
This appeal challenges the trial court’s application of section 73.092, Florida Statutes (2008), to award attorney’s fees in an eminent domain proceeding. The parties disagree on which of three writings constitute the “first written offer” under the statute. The trial court found that an unexecuted contract was the first written offer. We disagree and reverse.
In 2004, the government[1] sought to acquire property from the owner. It transmitted an appraisal report, valuing the property at $25,000, to the owner’s counsel to support its offer of the same amount to the property owner.
In 2005, the government, through a contractor, sent the owner a letter and purchase-sale contract, offering $31,250 for the property. The contract contained contingencies and was never executed. Specifically, the contract provided:
The performance by the [government] of its obligations hereunder, including the payment of any sums due hereunder, is - subject to and dependent upon an annual appropriation for that purpose being duly made by the [government]. The [government] is not legally required to appropriate revenue for this purpose. In the event the [government] fails to appropriate revenue for this purpose, this Agreement will automatically terminate, title to the Property shall remain vested in the [owner], and the [government] shall have no further obligation hereunder to the other party hereto.
The contract also provided:
The contract or any. _ modification, amendment, or alteration thereto, shall *1036 not be effective or binding upon any of the parties hereto until it is approved by the [government] Commissioners and executed by the [government’s] Chairman and Secretary.
The owner did not accept the offer, and no further action was taken on the unexecut-ed contract.
In 2006, the government mailed a pre-suit notification letter via U.S. Certified Mail, making an offer in the amount of $62,500. The letter contained no contingencies and was compliant with the mandates of section 73.015, Florida Statutes (2008).[2] The letter informed the owner if negotiations did not result in an agreement, the government would use its power of eminent domain to acquire the property. The owner was represented by counsel from the inception of this acquisition. The owner rejected the offer.
The government subsequently filed an eminent domain action, resulting in a final judgment taking the property. The owner then requested attorney’s fees, pursuant to section 73.092. The trial court awarded attorney’s fees of $15,097.50, relying on the unexecuted contract sent by the contractor as the first written offer.[3] The government appeals the attorney’s fees award.
Generally, a trial court’s award of attorney’s fees “will not be disturbed absent a clear abuse of discretion.” Amerada Hess Corp. v. Fla. Dep’t of Transp., 788 So.2d 276, 277 (Fla. 4th DCA 2000). However, because the issue here is whether the court properly applied the law in determining which writing constituted the first written offer for calculating attorney’s fees, it involves a question of law for which we have de novo review. See Osborne v. Dumoulin, 55 So.3d 577, 581 (Fla.2011).
The calculation of attorney’s fees under section 73.092 uses a benefits approach. The statute provides in part:
(1) Except as otherwise provided in this section and s. 73.015, the court, in eminent domain proceedings, shall award attorney’s fees based solely on the benefits achieved for the client.
(a) As used in this section, the term “benefits” means the difference, exclusive of interest, between the final judgment or settlement and the last written offer made by the condemning authority before the defendant hires an attorney. If no written offer is made by the condemning authority before the defendant hires an attorney, benefits must be measured from the first written offer after the attorney is hired.
§ 73.092(1), Fla. Stat. (2008) (emphasis added). The use of the benefits approach encourages pre-litigation agreement between parties and the acceptance of reasonable offers by the government to avoid litigation.
The government argues that the unexe-cuted contract cannot be the first written offer because it is more like an option contract. Instead, the government argues the letter, prepared and delivered in compliance with section 73.015, was the first *1037 written offer upon which the attorney’s fees calculation should be based. The owner responds that the trial court correctly found the unexecuted contract was the first written offer because it contained “an expression by a party of assent to certain definite terms, provided that the other party involved in the bargaining transaction -will likewise express assent to the same terms.” Pierpont v. Lee Cnty., 710 So.2d 958, 960 (Fla.1998).
We first reject the government’s assertion that the unexecuted contract constituted an option contract. Here, the letter and unexecuted contract imposed no obligation on either the government or the owner, contained no obligation to keep the offer open for a specified period of time, and included no consideration. See, e.g., Old Port Cove Holdings, Inc. v. Old Port Cove Condo. Ass’n One, Inc., 986 So.2d 1279, 1285 (Fla.2008) (defining an option contract).
We agree with the government, however, that the unexecuted contract failed to constitute the first written offer. See City of Boynton Beach v. Janots, 929 So.2d 1099, 1102 (Fla. 4th DCA 2006). The government’s obligation to purchase was subject to contingencies and its own discretion.
In Janots, we were required to look at two letters to determine which constituted the first written offer. Id. at 1099-1100. The first letter was expressly contingent upon approval by the city commission. Id. at 1101-02. The second letter, which referenced section 73.015, indicated the commission had already approved the acquisition. Id. at 1100. We emphasized that where the condemning authority is not bound by an owner’s acceptance, an offer is irrelevant for the purpose of calculating attorney’s fees under section 73.092. Id. at 1101-02.
Here, the unexecuted contract did not obligate the government to purchase upon the owner’s acceptance. The government only became obligated if the commission subsequently approved the acquisition and appropriated the necessary funds. Because the government did not become obligated upon acceptance by the owner, the unexecuted contract was not the first written offer for the purpose of calculating attorney’s fees. Id.
The last letter sent by certified mail to the owner, in accordance with section 73.015, expressed the government’s offer to purchase the property in certain, definite terms; was immediately binding upon the owner’s acceptance; and, contained no contingencies. It was the “first written offer” for purposes of section 73.092.
We therefore reverse and remand the case to the trial court to re-calculate the attorney’s fees using the certified letter as the date from which to calculate the benefit achieved.

Reversed and Remanded.

WARNER and POLEN, JJ., concur.

. We will refer to the Pompano Beach Redevelopment Agency as the government for ease of reference.

. Section 73.015 requires a condemning authority to negotiate in good faith with the property owner before initiating an eminent domain proceeding. It also requires the condemning authority to inform the property owner that all or a portion of the property is necessary for a project, the nature of the project, and the property owner's statutory rights under sections 73.091 and 73.092, Florida Statutes (2008).

. If the initial appraisal was used as the first written offer, it would yield attorney's fees of $ 17,160. If the unexecuted contract was used as the first written offer, it would yield a fee of $15,097.50. Using the certified letter as the first written offer would yield a fee of $4,785.