DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GENERAL COMMERCIAL PROPERTIES, INC.,**
Appellant,

v.

**STATE OF FLORIDA DEPARTMENT OF TRANSPORTATION,**
Appellee.

No. 4D14-0699

[October 14, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Janis Brustares Keyser, Judge; L.T. Case No. 2013CA001015XCXXXMB.

S. Brian Bull and John L. Bryan, Jr. of Scott, Harris, Bryan, Barra & Jorgensen, P.A., Palm Beach Gardens, for appellant.

Marc Peoples, Tallahassee, for appellee.

CONNER, J.

In this appeal, we decide whether the trial court erred in determining the amount of attorney's fees awarded to the property owner under section 73.092, Florida Statutes (2012), in eminent domain proceedings brought by the Florida Department of Transportation. The statute requires the trial court to use the first written offer made by DOT prior to initiating the eminent domain proceeding in calculating the amount of fees to be awarded. General Commercial contends the trial court erred by not using a written purchase offer made by DOT in 2005 under its Early Acquisition Program. Because (1) DOT made the 2005 offer in an attempt to acquire the property as a voluntary acquisition and (2) DOT expressly conditioned that offer as not being usable in calculating attorney's fees if an eminent domain proceeding was subsequently necessary, we affirm the trial court's use of a written offer made by DOT in 2012.

*Factual Background and Trial Court Proceedings*

DOT developed an Early Acquisition Program ("EAP") to acquire properties it anticipated would be needed for a road expansion project, before the project was fully funded. The program offered property owners the opportunity, without any obligation, to sell their property to DOT prior to any formal agency decision being made to initiate eminent domain proceedings. The program sought property through arms-length negotiations during the early phases of project planning, when no threat of eminent domain proceeding was imminent because the project plans were far from final. DOT designed the program for properties that were currently vacant so as not to affect ongoing businesses. The EAP was outside of the regular acquisition program that is connected with condemnation proceedings.

In 2005, prior to any agency decision to initiate eminent domain proceedings, DOT identified that it may need several parcels owned by General Commercial for a road expansion project in Riviera Beach. At that time, DOT did not have a project resolution authorizing it to go forward with the highway construction and to engage in the regular acquisition process used for eminent domain proceedings. In 2005, DOT did not anticipate that it would be initiating eminent domain proceedings earlier than October 2007.

After DOT contacted General Commercial about the EAP in relation to a vacant parcel it owned General Commercial, in December 2004, contacted DOT expressing an interest in using the program for parcel 192, which it also owned. By that time, DOT had identified parcel 192 as a property it expected to need, but General Commercial was not approached about the EAP for that parcel because the property was not vacant, and an ongoing business was operating on the property. However, after General Commercial expressed an interest in using the EAP for parcel 192, in January 2005, DOT sent a letter to General Commercial inviting it to participate in the program for that parcel. After General Commercial acknowledged, through counsel, that it wanted to proceed, DOT made a formal offer under the program in March 2005 to purchase parcel 192 for $400,000 ("EAP offer"). Despite further negotiations, no agreement was reached and the offer was abandoned.

In 2013, DOT initiated its eminent domain suit to acquire parcel 192. As required by statute, prior to initiating suit, DOT offered to purchase the parcel in May 2012 for $699,000 using its "regular acquisition" process ("RAP offer"). The RAP offer was rejected. Subsequently, the final

judgment awarded $800,000 for the parcel.[1]

General Commercial sought an award of attorney's fees using the "benefits" achieved standard set forth in section 73.092, Florida Statutes (2012).  Section 73.092(1)(a) defines "benefits" as the difference between the final judgment amount and the "first written offer" made after the defendant hired an attorney, if no offer was made prior to the defendant hiring an attorney.  As such, General Commercial contended that the "first written offer" was made in March 2005 for $400,000 during the EAP.  It further contended it was entitled to attorney's fees in the amount of $120,000, as determined by applying the applicable statutory percentage to the difference between the $800,000 final judgment and the EAP offer.  DOT contended that the first written offer was the $699,800 RAP offer, which would entitle General Commercial to attorney's fees in the amount of $33,000, after applying the statutory percentage.  The trial court agreed with DOT and awarded fees using the RAP offer.  The details of the argument by both sides in the trial court and the trial court determinations are discussed in more detail below.

## Appellate Analysis

Whether a trial court properly applied the law in determining which writing constituted the first written offer for calculating attorney's fees is a question of law subject to de novo review.  *Pompano Beach Cmty. Redevelopment Agency v. Holland*, 82 So. 3d 1034, 1036 (Fla. 4th DCA 2011).

As part of full compensation for a taking, the condemning authority must pay the property owner's attorney's fees.  § 73.091, Fla. Stat. (2012).  Before seeking to acquire property through eminent domain power, the condemning authority is required by statute to "attempt to negotiate in good faith" with a property owner.  § 73.015(1), Fla. Stat (2012).  During such negotiations, the condemning authority must provide the owner with a written offer.  *Id.*  The award of fees in an eminent domain proceeding is tied to the amount offered to purchase the property by the condemning authority prior to suit being filed.

Section 73.092, Florida Statutes (2012), details the method for calculation of fees:

(1) Except as otherwise provided in this section and s. 73.015,

---

[1] The $800,000 amount included an award for two other parcels as well, but the motion for attorney's fees and computation of attorney's fees by the trial court referenced only parcel 192, and not the other parcels.

the court, in eminent domain proceedings, shall award attorney's fees based solely on the benefits achieved for the client.

(a) As used in this section, the term "benefits" means the difference, exclusive of interest, between the final judgment or settlement and the last written offer made by the condemning authority before the defendant hires an attorney. If no written offer is made by the condemning authority before the defendant hires an attorney, benefits must be measured from the first written offer after the attorney is hired.

§ 73.092, Fla. Stat. (2012). Once the amount of "benefit" is determined, the statute provides that a percentage of the benefit is the amount of fees owed. *Id.*

However, when a condemning authority engages in an ordinary arm's length transaction to purchase property, the property owner has no entitlement to attorney's fees, and attorney's fees pursuant to section 73.092 does not apply. *JEA v. Williams*, 978 So. 2d 842, 845 (Fla. 1st DCA 2008) ("It is undisputed that public entities with eminent domain powers have the authority to purchase property to complete their projects as if they were an ordinary purchaser of real estate. . . . In an ordinary arm's length purchase, the landowner is not entitled to attorney's fees."). A purchase or attempt to purchase using an ordinary arm's length transaction can be distinguished from a purchase through eminent domain proceedings in that there may be no binding offer, no threat of condemnation, no definite need for the property, or no pressure on the property owner to obtain litigation counsel. *See City of Boynton Beach v. Janots*, 929 So. 2d 1099, 1102 (Fla. 4th DCA 2006).

General Commercial argues that the trial court erred in its calculation of the attorney's fee award in its favor because the court based the award using DOT's 2012 RAP offer as the "first written offer," instead of the 2005 EAP offer. DOT makes several counterarguments to support affirmance of the trial court. We discuss the two most pertinent counterarguments. DOT asserts that the EAP offer was its attempt to acquire properties outside of its eminent domain power, using a voluntary process when no threat of taking is pending; thus, the EAP offer cannot serve as the basis for the calculation of attorney's fees under section 73.092. DOT also asserts General Commercial expressly agreed to not seek attorney's fees based on the EAP offer. Although we view DOT's second argument

differently, we agree with both arguments.[2]

The trial court admitted into evidence a letter from DOT to General Commercial dated January 3, 2005. The letter was sent after General Commercial expressed, through its counsel, that it was interested in participating in the EAP. The letter stated that "[b]ased on your favorable response we will proceed to have your property appraised." The letter also clearly stated three things:

> DOT was interested in acquiring parcel 192 using the EAP because it was "expected" that the property would be needed for a road widening project;

> "[I]n the ordinary course of business, [DOT] would not be seeking to acquire your property until approximately October 2007;" and

> If an agreement was not reached using the EAP, when the project was fully funded, DOT "will pursue condemnation, *provided your parcel is still needed.*"

(emphasis added). The letter further explained, in italicized font as indicated below, that

> *[a]ny offer made in the Early Acquisition Program will NOT be considered the initial offer under the "regular acquisition" process, and will NOT be used as a basis for an attorney fee to be paid in the "regular acquisition" process.* **We will assume that you are agreeable to this condition if we do not hear from you to the contrary in the next ten (10) days**.

(bold emphasis added). A copy of the letter was sent to General Commercial's counsel.

On March 22, 2005, after an appraisal was conducted, DOT delivered

---

[2] DOT argued to the trial court and on appeal that General Commercial agreed by silence that the EAP offer would not be used in eminent domain proceedings to calculate the amount of attorney's fees to be awarded. The trial court agreed with that position as part of its reasoning in using the RAP offer in calculating the fees awarded. Although we agree there is competent substantial evidence to support the trial court's finding that General Commercial agreed by silence that the EAP offer would not be used in eminent domain proceedings, we conclude that the better analysis is that use of the EAP offer was precluded as an explicitly stated condition of extending the offer, rather than an agreement by silence.

a statement of offer and a purchase agreement to purchase parcel 192, pursuant to the EAP, for the sum of $400,000. The statement of offer and purchase agreement were delivered with a cover letter. Similar to the letter sent by DOT in January, the cover letter indicated it was "expected" that parcel 192 would be needed for road widening, but if an agreement was not reached using the EAP, condemnation would be pursued sometime after October 2007, *"provided your parcel is still needed."* (emphasis added). Also similar to the January letter, the March letter contained the following language, italicized as indicated below:

> *Any offer made in the Early Acquisition Program will NOT be considered the initial offer under the "regular acquisition" process, and will NOT be used as a basis for an attorney fee to be paid in the "regular acquisition" process.* **Your acceptance of this provision is acknowledged since we did not hear from you to the contrary within ten (10) days of our last letter to you**.

(bold emphasis added).

The trial court properly found that the March 2005 offer was made under the EAP as an attempt to acquire the property in an arms-length transaction, rather than a presuit offer pursuant to section 73.015. The trial court also properly found that the offer was extended on the condition that it would not be used against DOT as a basis for attorney's fees in the event it was necessary to acquire parcel 192 through eminent domain proceedings. There was competent substantial evidence to support both findings.

Section 73.015(1)(a)1., requires that a presuit offer be made prior to eminent domain proceedings after it is determined that "all or a portion of [the owner's] property *is necessary for a project.*" (emphasis added). Both the January and March 2005 letters clearly indicate parcel 192 was "expected" to be needed, and eminent domain proceedings would be sought sometime after October 2007, if it "is still needed." Thus, it is clear that the March 2005 offer was not made because it had been determined parcel 192 was "necessary for a project." Moreover, the trial court found it significant that seven years elapsed between the March 2005 offer and the initiation of eminent domain proceedings.

DOT had the right, during arms-length negotiations, when there was no threat of condemnation proceedings, to condition any offer with limitations on the use of the offer. General Commercial asked to participate in the EAP and wanted the opportunity to consider an offer

6

under the program.  DOT complied with the request by extending an offer with a condition limiting its liability for attorney's fees if the offer was not accepted.  General Commercial sought and obtained the benefit of having an offer extended, which prompted further negotiations.  Even though the negotiations proved to be unsuccessful to obtain a sale and condemnation proceedings were initiated, General Commercial is bound by the conditions imposed on the offer it sought in 2005.  *See* 13 Williston on Contracts § 38:3 (4th ed.) (explaining that conditions are typically inserted for the promisor's protection); *see also Hendricks v. Stark*, 126 So. 293, 297 (Fla. 1930) ("It has been repeatedly held that a person by the acceptance of benefits may be estopped from questioning the validity and effect of a contract.").  General Commercial has made no argument that the cover letter was not part of the March 2005 offer extended.  Because the offer was extended on the specific condition that it could not be used to determine attorney's fees in a condemnation proceeding, General Commercial cannot alter the terms of the offer.

Additionally, the trial court agreed with DOT and determined that General Commercial expressly waived the right to consider the EAP offer for parcel 192 as the first written offer for awarding attorney's fees in the eminent domain proceeding by language included in an addendum to the purchase agreement the parties entered into, using the EAP, for parcel 206, also owned by General Commercial.  Parcel 206 was successfully purchased by DOT prior to the eminent domain proceedings, using the EAP.  There was competent substantial evidence for the trial court's ruling on waiver.

Having determined there is competent substantial evidence to support the trial court's determinations, we affirm.

*Affirmed.*

DAMOORGIAN and FORST, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

7