# Third District Court of Appeal

## State of Florida

Opinion filed March 9, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-0288 and 3D21-0324
Lower Tribunal Nos. 20-0253 AP; 14-11017 SP;
20-0276 AP; 12-9945 SP

_____

**United Automobile Insurance Company,**

Appellant,

vs.

**Coastal Radiology, LLC,
a/a/o Caridad Romero and
a/a/o Eduardo Cerejido,**

Appellees.


Appeals from the County Court for Miami-Dade County, Chiaka Ihekwaba, and Natalie Moore, Judges.

Michael J. Neimand, for appellant.

Law Offices of Joseph R. Dawson, and Joseph R. Dawson (Ft. Lauderdale), for appellees.


Before LINDSEY, HENDON, and LOBREE, JJ.

PER CURIAM.

In these two consolidated appeals[1] Appellant, United Automobile Insurance Company (defendant below), appeals the trial court's orders granting attorney's fees in favor of Appellee, Coastal Radiology, LLC (plaintiff below). Because the orders are supported by competent substantial evidence and because the trial court properly awarded pre-judgment interest, we affirm.

In both cases Coastal Radiology filed a complaint for PIP benefits. United eventually filed confessions of judgment and stipulated that Coastal Radiology was entitled to attorney's fees. After the trial court entered final judgment, five attorneys for Coastal Radiology filed motions for fees, which the trial court granted after an evidentiary hearing. United timely appealed.

This Court reviews an awarded amount of attorney's fees for abuse of discretion. Bateman v. Servs. Ins., 836 So. 2d 1109, 1111 (Fla. 3d DCA 2003). This Court reviews factual findings for competent substantial evidence. Babun v. Stok Kon + Braverman, 46 Fla. L. Weekly D2318a (Fla. 3d DCA Oct. 27, 2021). But "[e]ntitlement to attorney's fees is subject to de novo appellate review." Id.

In both detailed orders on appeal, the trial court set forth "specific findings as to the hourly rate, the number of hours reasonably expended,

---

[1] On our own motion, we consolidate case nos. 3D21-0288 and 3D21-0324.

and the appropriateness of reduction or enhancement factors as required by Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1151 (Fla. 1985)." See Parton v. Palomino Lakes Prop. Owners Ass'n, Inc., 928 So. 2d 449, 453 (Fla. 2d DCA 2006) (quoting Baratta v. Valley Homeowners' Ass'n at the Vineyards, Inc., 891 So. 2d 1063, 1065 (Fla. 4th DCA 1997)). And those findings are supported by competent substantial evidence. To find otherwise would require us to reweigh the evidence. See Shaw v. Shaw, 334 So. 2d 13, 16 (Fla. 1976) ("It is not the function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the testimony and evidence from the record on appeal before it."). Lastly, we conclude that the trial court properly awarded pre-judgment interest on those attorney's fees. See Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So. 2d 929, 930-31 (Fla. 1996) ("[I]nterest accrues from the date the entitlement to attorney fees is fixed through agreement, arbitration award, or court determination . . . .").

Affirmed.