# Third District Court of Appeal

## State of Florida

Opinion filed January 3, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D23-0180, 3D23-0182
Lower Tribunal Nos. 19-1925, 18-4907

_____

**Sandra T. Fuller,**
Appellant,

vs.

**Steve Torcise,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Bilzin Sumberg Baena Price & Axelrod LLP, Mitchell E. Widom, and Raquel Fernandez; The Nguyen Law Firm, and Hung V. Nguyen, for appellant.

Akerman LLP, Gerald B. Cope, Jr., Richard C. Milstein, and Dale Noll, for appellee.

Before FERNANDEZ, HENDON and MILLER, JJ.

FERNANDEZ, J.

Sandra Fuller ("Fuller") appeals the trial court's orders granting attorney's fees in favor of Steve Torcise ("Torcise") in connection with the incapacity and guardianship proceedings of the parties' mother, Joyce Torcise, and a related trust case. Because the trial court abused its discretion by failing to hold an evidentiary hearing prior to determining the amount in fees, we reverse the trial court's orders awarding attorney's fees and remand with instructions to conduct an evidentiary hearing on the reasonableness of attorney's fees.

This is an appeal of the following three final orders awarding attorney's fees and costs: 1) Order on Sandra Fuller's and Her Counsels' Motion for Award of Attorneys' Fees and Costs, 2) Order Granting Akerman LLP's Motion for Determination of Amount of Award of Attorneys' Fees and Costs, and 3) Order Granting Dunwody White & Landon P.A.'s Motion for Determination of Attorneys' Fees and Costs. After the conclusion of approximately two years of proceedings involving a Health Care Surrogate Designation, the parties entered a settlement and submitted an agreed order.

The trial court bifurcated entitlement to fees and costs from determination of the amount of attorney's fees. On July 20, 2021, the trial court entered an order awarding entitlement to both parties and ordered the

parties to mediate to resolve the amount of fees. The parties were unable to reach an agreement. As a result, Fuller requested an evidentiary hearing to determine the amount and reasonableness of attorney's fees. Though an evidentiary hearing was scheduled, the hearing was never held. Instead, after the evidence was submitted to the trial court, the court requested each party to submit proposed orders. The parties complied. The trial court adopted Torcise's order, awarding Torcise over $800,000 in attorney's fees and costs to be paid from Fuller's share of two trusts and awarding Fuller only $6,718.60 of the $742,732.30 she requested. Fuller filed a motion for rehearing, which the trial court denied. Fuller now appeals the three final orders awarding attorney's fees and costs.

The standard of review for an award of attorney's fees and costs is abuse of discretion. Bateman v. Serv. Ins. Co., 836 So. 2d 1109, 1111 (Fla. 3d DCA 2003). "We review the trial court's evidentiary findings regarding the attorneys' fee award for competent, substantial evidence." Universal Prop. & Cas. Ins. Co. v. Deshpande, 314 So. 3d 416, 419 (Fla. 3d DCA 2020).

It is clear from the record that Sandra requested an evidentiary hearing. The trial court entered multiple orders stating that an evidentiary hearing was to be held, and an evidentiary hearing was scheduled.

3

Nevertheless, the trial court chose an alternative method to decide fees. Therefore, the dispositive issue before this Court is whether the trial court abused its discretion by not holding an evidentiary hearing.

Steve argues that Sandra waived her right to an evidentiary hearing by: 1) failing to object to the trial court's procedure until after entry of the fee orders and 2) entering an agreed order extending the timelines for submitting materials to the trial court, including proposed orders. We find no affirmative waiver of the evidentiary hearing. Additionally, this case is almost identical to United Automobile Insurance Company v. Professional Medical Group, Inc., 318 So. 3d 1261 (Fla. 3d DCA 2021), which is controlling.

In United Auto, this Court reversed and remanded an attorney's fee order finding:

> "By requesting that the court hold an evidentiary hearing on the issue of attorney's fees, appellant[ ] preserved [its] right to a hearing." The outcome of this appeal would have been different if the interim order for discovery was in preparation for an evidentiary hearing, but instead, the trial court improperly substituted discovery procedures for a mandatory evidentiary hearing in violation of due process.

Id. at 1263 (internal citations omitted). As in the instant case, the appellee in United Auto argued that the appellant waived its right to an evidentiary hearing, in that case for failure to file evidence pursuant to a trial court order. Id. This Court reasoned that because the appellant requested an evidentiary

4

hearing before the trial court issued its discovery order, which was in lieu of an evidentiary hearing, and because the trial court denied appellant's request for an evidentiary hearing, the appellant preserved its right to an evidentiary hearing. Id.

In the present case, the trial court did not outright deny the request for an evidentiary hearing, but this has no bearing on the case. As this Court stated in Bateman, 836 So. 2d at 1111, "given that the trial court failed to conduct an evidentiary hearing, especially after entering an order which stated that the parties were entitled to said hearing, the Record clearly lacks evidentiary support for the fees disbursed by the trial court." In the instant case, the trial court issued multiple orders stating that an evidentiary hearing was to be held, including an order scheduling an evidentiary hearing. Therefore, it is clear from our Court's precedent that Sandra did not waive her right to an evidentiary hearing.

Because the trial court abused its discretion by failing to conduct an evidentiary hearing before deciding the reasonableness of fees in violation of due process, we reverse the trial court's orders awarding attorney's fees and remand with instructions to conduct an evidentiary hearing on the reasonableness of fees.

Reversed and remanded with instructions.

5